PEOPLE v LOZON

1. Automobiles—Unlawfully Driving Away—Use of Motor Vehicle Without Authority—Elements of Crime.

The prosecution must establish that a defendant took possession of a motor vehicle without authority to establish the offense of unlawfully driving away an automobile; this element is not required to establish the offense of use of a motor vehicle without authority (MCLA 750.413, 750.414).

2. Automobiles—Unlawfully Driving Away—Lesser Offenses—Instructions to Jury.

A defendant charged with the offense of unlawfully driving away an automobile was not entitled to a jury instruction regarding the lesser offense of use of a motor vehicle without authority where there was no evidence whatsoever that the defendant ever had possession of the automobile with the owner's authority and where the defendant did not preserve the issue for appeal by objection below (MCLA 750.413, 750.414).

3. Criminal Law—Instructions to Jury—Lesser Included Offenses.

Excluding lesser included offenses from a jury's consideration was not error where the record would not support a conviction of a lesser offense.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 May 14, 1973, at Detroit. (Docket No. 14492.) Decided July 26, 1973.

Daniel G. Lozon was convicted of unlawfully driving away an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.*

·References for Points in Headnotes
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 340, 341.
[2, 3] 21 Am Jur 2d, Criminal Law § 494.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*David William Potts,* for defendant.

Before: R. B. Burns, P. J., and V. J. Brennan and Van Valkenburg,* JJ.

Per Curiam. Defendant was charged with unlawfully driving away an automobile (MCLA 750.413; MSA 28.645) and convicted of that offense by a jury in the Detroit Recorder's Court. The first argument advanced by defendant on appeal is that the trial court erred by failing, *sua sponte,* to instruct the jury regarding the lesser included offense of use of a motor vehicle without authority (MCLA 750.414; MSA 28.646). The fact that defendant did not preserve this argument by objection below is sufficient reason for rejecting it. However, had the defendant preserved the argument by objection below, we would still reject it. To constitute an offense under the former statute, the prosecution must establish that the defendant took possession of the vehicle without authority; this element is not required to establish the latter, lesser included, offense. (See *People v Smith,* 213 Mich 351; 182 NW 64 [1921]; *People v Stanley,* 349 Mich 362; 84 NW2d 787 [1957].) There was no evidence whatsoever that the defendant had possession of the automobile with the owner's authority; therefore the trial court did not err by failing to charge on the latter offense since there was no evidence to support such a charge.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant also argues that the trial court erred by affirmatively excluding lesser included offenses from the jury's consideration. However, since the record would not support a conviction for a lesser offense, we find no error. *People v Membres,* 34 Mich App 224; 191 NW2d 66 (1971).

Affirmed.