PEOPLE v. SMITH.

1. CRIMINAL LAW—AUTOMOBILES—UNLAWFUL POSSESSION OF AND
DRIVING AWAY—STATUTES—ELEMENTS OF OFFENSE.
   Under Act No. 313, Pub. Acts 1919, making it a felony for
   any person wilfully and wantonly without authority to
   "take possession of and drive or take away" an automobile
   belonging to another, unlawful possession constitutes an
   element of the offense.

2. SAME—LAWFUL POSSESSION—GARAGE OWNERS.
   Where an automobile was stored for hire at night in de-
   fendant's garage, his possession of the car was lawful, and
   his driving the same away without the authority of the
   owner did not constitute an offense under the provisions
   of said act.

Error to Bay; Houghton (Samuel G.), J. Sub-
mitted January 13, 1921. (Docket No. 117.) Decided
March 30, 1921.

Vernon Smith was convicted of unlawfully driving
away an automobile, and sentenced to pay a fine of
$50 and to be confined for 30 days in the county jail.
Reversed, and defendant discharged.

*McCormick & Sharpe* and *T. E. Webster,* for appel-
lant.

*William A. Collins,* Prosecuting Attorney, for the
people.

WIEST, J. Defendant stands convicted of the crime
of wilfully and wantonly and without authority tak-
ing possession of and driving away from a garage in
Bay City an automobile, the property of John Rapan-
ski. It appears that defendant was the proprietor of
the garage and Mr. Rapanski stood his automobile in

the garage nights, paying for the right to do so. At the trial a motion was made to discharge the defendant on the ground that possession of the automobile was in him while in his garage, and therefore he could not be guilty of taking possession within the meaning of the statute under which he was prosecuted. The trial judge being of the opinion that "if any person, even the owner of a garage, takes an automobile standing legally in his garage without authority, that is in violation of the statute," denied the motion. The statute, Act No. 313, Pub. Acts 1919, provides:

"Any person who shall wilfully or wilfully and wantonly and without authority, take possession of and drive or take away and any person who shall assist in and be a party to such taking possession of, driving or taking away of any automobile or other motor vehicle belonging to another and lawfully standing in any street, alley, garage, stable or other place, shall be deemed guilty of a felony." *   *   *

It is urged that, under this statute, the possession of the automobile must be shown to have been taken by the defendant from another, and, inasmuch as defendant had possession as keeper of the garage where it was standing, he could not be found guilty of taking possession. If the element of taking possession is eliminated the case against defendant falls within the provisions of section 15431, 3 Comp. Laws 1915, which makes it a felony to take or use an automobile without authority and without intent to steal the same. Under this last-mentioned statute the scope thereof is not restricted to the taking and operation of a motor vehicle by one who has no relation whatever to the owner, but extends to and includes one who may have a general relation, or a special relation, to the owner such as a servant or bailee. Berry's Law of Automobiles (2d Ed.), § 919; Huddy on Automobiles (5th Ed.), § 769. If the words "take possession of" as employed in the

statute under which defendant was prosecuted have significance and constitute an essential element of the crime charged, then it is important to determine whether defendant while in possession of the automobile, as bailee, could commit the crime. It is clear that, to constitute the offense, possession must be taken, followed by a driving or taking away, and this must be done wilfully or wilfully and wantonly and without authority. Here the defendant had possession as bailee and if he used such lawfully obtained possession for an unauthorized purpose and in breach of his trust as bailee, and wilfully and wantonly and without authority drove the car away from his garage he would not be guilty of the charge here laid. As a bailee for hire defendant held the possession of the automobile in his own name, but subordinate, of course, to the title of the owner, and liable to be ended at the will of the owner. It has been held that upon an indictment for unlawfully driving and operating an automobile without the consent of the owner an allegation of ownership in the name of a garage owner having custody of the automobile was good. *State* v. *Shoemaker,* 96 Ohio St. 570 (117 N. E. 958). Also that the proprietor of a garage, with whom the owner of a motor car has left it for repair, has a special property in the motor car as bailee, and may maintain an action of tort for conversion thereof. *Beacon Motor Car Co.* v. *Shadman,* 226 Mass. 570 (116 N. E. 559). Defendant, as bailee of the automobile, could not, while so having possession, be charged with wilfully and wantonly and without authority taking possession. The motion to discharge the defendant should have been granted, and the conviction is set aside and defendant is discharged.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.