PEOPLE v. STANLEY.

1. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—
INTENT.
    The offense of unlawfully driving away an automobile does not
    require the establishment of any specific intent to permanently
    deprive the owner of the possession of his property, hence, the
    omission to give a request to charge that jury must find the
    defendant intended to steal the car when he drove it away
    was not error (CL 1948, § 750.413).

2. SAME—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—ELEMENTS.
    To constitute the offense of unlawfully driving away an auto-
    mobile, possession must be taken, followed by a driving or
    taking away and this must be done wilfully or wilfully and
    wantonly and without authority (CL 1948, § 750.413).

Appeal from Recorder's Court of the City of De-
troit; Skillman (W. McKay), J. Submitted June
13, 1957. (Docket No. 63, Calendar No. 46,877.)
Decided September 4, 1957.

Daniel William Stanley was convicted of driving
away motor vehicle without authority. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *Gerald K. O'Brien,*
Prosecuting Attorney, *Samuel Brezner, Angelo A.
Pentolino* and *Samuel J. Torina,* Assistant Prosecut-
ing Attorneys, for plaintiff.

*John D. O'Connell,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5A Am Jur, Automobiles and Highway Traffic § 1209.

SHARPE, J.  Defendant, Daniel William Stanley, was informed against under section 413 of the penal code, CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.-645), for taking possession of and driving away a motor vehicle.  The section in question reads as follows:

"Taking possession of and driving away a motor vehicle—Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than 5 years."

The facts upon which defendant was arrested and convicted are as follows.  On the morning of August 6, 1953, defendant, Daniel William Stanley, and another man appeared at the used-car lot of Thomas J. Hart, located at 3780 Gratiot avenue, Detroit, Michigan, inquired about the price of a 1950 Pontiac automobile, and requested a demonstration.  Hart's porter accompanied the two on the drive.  When they returned to the lot in the vehicle, the porter stepped out leaving defendant Stanley seated next to his companion, the driver.  The two talked together some 15 to 30 seconds while Hart was engaged on the telephone, and then drove off.  Hart testified that he was the owner of the car and did not give Stanley and his companion permission to drive it off.  He immediately called the police.  The porter testified that the automobile was returned and left in the middle of the lot; the porter got out and went to the office to tell Hart that the 2 prospects wished to pay cash.  Hart told him to ask them to wait a minute, but before Hart could get out, the car drove off, with defendant Stanley driving, jumped the curb, almost hit a safety zone, and

sped east on Gratiot avenue. He did not give permission to take the vehicle.

During the trial counsel for defendant requested the court to charge the jury that they must find the defendant intended to steal the car when he drove it away before he could be found guilty. The trial court refused to give this instruction, and stated to the jury that such an intent was not necessary under the statute.

Upon leave being granted defendant appeals and urges that the trial court erred in charging the jury that the people were not required to prove intent to steal the car in question, as such intent is not a necessary element of the offense charged. Defendant urges that since CL 1948, § 750.414 (Stat Ann 1954 Rev § 28.646), makes it a misdemeanor to take or use without authority another's motor vehicle "without intent to steal," it necessarily follows that the statute, above quoted, applies only to those cases where there is a specific intent to steal.

We are not in accord with this theory, for if the intent to steal is involved, then the so-called larceny statute would have sufficed. The act in question was intended to punish one who wilfully and without authority takes possession of and drives away another's motor vehicle. Intent to steal is not an ingredient of the offense. We are in accord with the statement of the trial court in his charge:

"It was early discovered that so many automobiles would be taken, but without intent to permanently deprive the owner of the possession of his property, but merely for the sake of joy-riding or something of that kind and then abandoning the cars, so the legislature created this crime, and they called it unlawfully driving away an automobile, and it differs from larceny in that respect, that is, it is not necessary that the State should establish in this type of case any specific intent to permanent-

ly deprive the owner of the possession of his property."

In *People* v. *Smith,* 213 Mich 351, 353, we had occasion to construe the statute in question. We there said:

"It is clear that, to constitute the offense, possession must be taken, followed by a driving or taking away, and this must be done wilfully or wilfully and wantonly and without authority."

The judgment is affirmed.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.