PEOPLE v STEPHENS

Docket No. 62133. Decided December 10, 1979. On application by the
    defendant for leave to appeal the Supreme Court, in lieu of
    granting leave to appeal, remanded to the circuit court for
    further proceedings. Rehearing denied *post,* 1165.

Billy R. Stephens was convicted by a jury in Wayne Circuit
    Court, Michael L. Stacey, J., of two counts of armed robbery.
    The defendant's theory of the case was that he was guilty of
    larceny by trick or larceny by conversion in taking money from
    the complainants for stolen goods and then not delivering, but
    that he was not guilty of armed robbery, and the defendant's
    testimony supported the theory. The trial court refused the
    defendant's request to instruct the jury on either of the of-
    fenses. Therefore, defense counsel argued to the jury that if
    they believed the defendant, he was a "con man" rather than
    an armed robber, and they should find him not guilty of armed
    robbery. The Court of Appeals, D. E. Holbrook, P.J., and R. B.
    Burns and D. F. Walsh, JJ., granted the people's motion to
    affirm (Docket No. 77-2704). Defendant applies for leave to
    appeal. *Held:*

    While larceny by trick and larceny by conversion are not
    necessarily included offenses of armed robbery, they are cog-
    nate offenses, because here they share several elements, and
    are of the same class or category; the record here would
    support a verdict of guilty of one of them. When a defendant
    admits criminal involvement, but not to the extent of the
    charged offense, the jury should have the freedom to act
    according to the evidence. When the instructions the defendant
    requests relate to a cognate included offense and are supported
    by the evidence, they should be given. The defendant's remain-
    ing allegations of error are without merit. The matter is
    remanded to the Wayne Circuit Court for entry of judgments of
    conviction of larceny by conversion and resentencing. If, how-
    ever, the prosecution is persuaded that the ends of justice
    would be better served, on notification to the circuit court
    before resentencing, the circuit court shall vacate the judg-
    ments and grant a new trial on two counts of armed robbery.

    The judgment of the circuit court is modified and the case is
    remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

Billy R. Stephens, *in propria persona.*

PER CURIAM. When the evidence, if believed by the jury, would support a conviction of a lesser offense on which the defendant requests an instruction, the trial judge must give the requested instruction. Because the trial judge in this case did not, error occurred.

## I

In the early evening hours of September 11, 1976, Billy Ray Stephens and an unidentified accomplice approached and struck up a conversation with Edward Repp and his brother, Arthur, as they sat drinking in a Romulus bar. Stephens told the Repps that he was a truck driver and had some new excess appliances on his truck that he was willing to sell, and Edward Repp offered to buy a microwave oven from Stephens for $75. The group then left and drove to a truck stop. Stephens asked for the money and said he would return with the microwave. When Edward Repp refused to go along with this arrangement, the group drove around behind some parked trailers and Stephens is said to have stepped out of the car, pulled a revolver and said, "All right. This is it." The Repps said Stephens forced them to give him their wristwatches and the money from their wallets, and then ordered them to take off running or he would "blow your head off". From a distance the brothers observed Stephens and his accomplice

change the license plates on the car before they drove off. Two days later the Repps identified Stephens from a display of 50 photographs. Stephens was charged with two counts of armed robbery.

Stephens testified that he did indeed meet the Repps as they had said, but that he offered to sell them "stolen" merchandise and they agreed to buy, either televisions or microwave ovens (he couldn't recall). When they got to the truck stop, Edward Repp gave him $150 and the Repps stepped out of the car to a position where they could observe Stephens take the merchandise from a truck that Stephens had pointed out to them. After the Repps stepped out, Stephens and his friend drove off. Stephens admitted being arrested on at least two occasions for utilizing the same kind of ruse on others and said that this was his method of operation. He denied, however, being armed or pulling a revolver.

The jury convicted the defendant of the two counts of armed robbery charged. The Court of Appeals, by order, affirmed his convictions.

## II

Defense counsel said in his opening statement that the facts would prove that the defendant was guilty of larceny by trick[1] or larceny by conversion,[2] that the jury could convict him of one of those offenses, but that he was not guilty of armed robbery. The defendant's testimony supported this theory.

At the conclusions of the proofs, defense counsel

---

[1] MCL 750.356; MSA 28.588.
[2] MCL 750.362; MSA 28.594.

requested instructions on larceny by conversion and larceny by trick. He argued:

> *"Defense Counsel:* Well, there is no question in this case that we have had testimony, as I have indicated before, tending to show that the defendant is a con man and that he has a reputation and is known in that community for selling appliances that—.
>
> *"Court:* For selling non-appliances.
>
> *"Defense Counsel:* Right, and taking the money. The defendant has taken the stand in this case, your Honor, and based upon his testimony the court could find and the jury could find that he is guilty of larceny by conversion or larceny by trick, and we feel that an instruction covering that particular crime should be given to the jury because not to do it would be totally and wholly to deny his testimony. He hasn't taken the stand and said I'm not guilty of anything. He has taken the stand and said yes, I'm guilty, but I'm not guilty of armed robbery. I am guilty of larceny by conversion or larceny by trick."

The trial judge, however, refused to instruct on either of the offenses. Consequently, defense counsel argued to the jury that although the defendant admitted committing a crime and was willing to be convicted of it, he was not charged with it and the judge would not instruct on larceny by trick or larceny by conversion; if they believed that defendant was a con man rather than an armed robber "based upon those limitations you will have to find him not guilty of robbery armed".

While larceny by trick and larceny by conversion are not necessarily included offenses of armed robbery, they are cognate offenses, because here they "share several elements, and are of the same class or category", and the record here would support a verdict of guilt thereof. See *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975).

The Court has no interest in allowing a "guilty" man to escape punishment. When a defendant admits criminal involvement, but not to the extent of the charged offense, the jury should have the "freedom to act according to the evidence". *People v Chamblis,* 395 Mich 408, 426; 236 NW2d 473 (1975). When the instructions the defendant requests relate to a cognate included offense and are supported by the evidence, they should be given.

We have considered the defendant's remaining allegations of error and find them without merit. In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we remand to the Wayne Circuit Court for entry of judgments of convictions of larceny by conversion and resentencing. If, however, the prosecution is persuaded that the ends of justice would be better served, on notification to the circuit court before resentencing, the circuit court shall vacate the judgments and grant a new trial on the charge that the defendant committed two counts of armed robbery.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.