PEOPLE v HENDRICKS

Docket No. 97912. Argued May 5, 1994 (Calendar No. 2). Decided
    August 26, 1994. Rehearing denied 447 Mich 1202.

    Gregory Hendricks was convicted by a jury in the Detroit Record-
    er's Court, Lawrence D. Silverman, J., of larceny from a person.
    The Court of Appeals, Murphy, P.J., and Michael J. Kelly
    and Wahls, JJ., affirmed the refusal of the trial judge to
    instruct the jury regarding the cognate, lesser included offense
    of unauthorized driving away an automobile, finding that
    armed robbery and UDAA had few common elements and were
    not of the same class or category of offenses (Docket No.
    133148). The defendant appeals.

    In an opinion by Justice Boyle, joined by Justices Riley,
    Griffin, and Mallett, the Supreme Court *held:*

    Armed robbery and unauthorized driving away an auto-
    mobile do not possess the requisite inherent relationship neces-
    sary to consider the possibility of a cognate lesser included
    offense instruction.

    1. To warrant a lesser included offense instruction for a
    cognate lesser included offense, the principal offense and the
    lesser offense must be of the same class or category, and the
    evidence adduced during trial must support a conviction of the
    lesser offense. The inherent relationship required between the
    greater and cognate offenses dictates that they have a common
    purpose protecting the same societal interest.

    2. UDAA and armed robbery are not of the same class or
    category. UDAA is a property offense, aimed exclusively at
    deterring and punishing joyriding, while armed robbery is a
    crime against the person, concerned primarily with the safety
    and protection of the individual; thus, UDAA is not a possible
    cognate offense where the principal offense charged is armed
    robbery. The offenses pertain to distinct criminal behavior, and
    any distant association the offenses may have through their
    relationship to larceny is too tenuous.

    Affirmed.

References

Am Jur 2d, Robbery §§ 5, 9, 71, 75.
Lesser-related state offense instructions: modern status. 50 ALR4th
    1081.

Chief Justice CAVANAGH, joined by Justices LEVIN and BRICKLEY, dissenting, stated that UDAA is a cognate lesser included offense of armed robbery because they are both of the same category of offenses. The trial court erred in refusing to provide an instruction on the felony of unauthorized driving away of an automobile.

The standard used to determine when to instruct on cognate lesser included felony offenses requires the offenses to be of the same class or category, not that they have an inherent relationship, which is used for lesser included misdemeanor offenses.

Robbery is an assaultive crime, but it includes an element of theft similar to UDAA. Both offenses share the common purpose of deterring the deprivation of the use and enjoyment of property. Robbery falls into two categories, property offenses and crimes against the person. Its presence in one category does not divest it of its position in the other. Because robbery and UDAA share a common purpose and category, the deterrence and punishment of theft, UDAA is a cognate lesser included offense of armed robbery. Thus, a trial judge is compelled to provide a requested cognate lesser included offense instruction if the eviden⦁ introduced at trial would support a conviction of a lesser included offense. Because the evidence in this case would support a conviction of UDAA, the trial court erred in refusing to instruct the jury.

In light of the jury's reluctance to convict the defendant of the charged offense, and its conviction of the least serious crime on which it was instructed, and the presence of evidence that would support a conviction of the offense of UDAA, the refusal to give the instruction was not harmless. Thus, the defendant's conviction of larceny from a person should be reversed and the case remanded for entry of a judgment of conviction of UDAA and resentencing.

200 Mich App 68; 503 NW2d 689 (1993) affirmed.

*People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978), overruled.

CRIMINAL LAW — ARMED ROBBERY — UDAA — COGNATE LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.

Armed robbery and unauthorized driving away an automobile do not possess the requisite inherent relationship necessary to consider the possibility of a cognate lesser included offense instruction (MCL 750.413, 750.529; MSA 28.645, 28.797).

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*David R. Cripps* and *Mark Stevens* for the defendant.

BOYLE, J. In this case, we are asked to determine if the trial court committed error requiring reversal by refusing defendant's request to instruct the jury on the felony of unauthorized driving away of an automobile (UDAA),[1] as a cognate, lesser included offense to a principal charge of armed robbery.[2] We hold that there was no error in the refusal to provide the cognate offense instruction because UDAA and armed robbery are not of the same class or category of offenses. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). We therefore affirm the decision of the Court of Appeals upholding the defendant's conviction and sentence.

[1] MCL 750.413; MSA 28.645 provides:

Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years.

[2] MCL 750.529; MSA 28.797. The relevant portion of this statute provides:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

I

A

The incident to which the present inquiry re-
lates occurred on December 28, 1989. At approxi-
mately 9:30 A.M., complainant Shirley McGriff was
filling the gas tank of her car at a self-service
station in the City of Detroit. At the same time,
defendant was near the station and twice got
change from the station attendant. The attendant
assumed the change was for bus fare because she
observed the defendant stand for several minutes
at a nearby bus stop. Defendant testified that,
while waiting for the bus, he observed another
automobile that he believed contained several indi-
viduals whom he thought intended to kill him over
an unpaid debt of $1,000. As complainant finished
putting gas into her car, defendant jumped in and
drove the car away. Defendant testified that he
felt that such action was necessary to escape possi-
ble harm from the men to whom he owed the debt.
Defendant also testified that he had no intent to
keep the car permanently, and that he "figured"
that the complainant was going to get her car
back.[3]

---

[3] Defendant testified at trial concerning his decision to take the car
and his intent at the time as follows:

*Q.* Why did you jump in the car?
*A.* Whatever. I mean I ain't going to get shot. I ain't going to
get killed. I rather do that and stay alive than, you know. So I
just pulled off and went down Fenmore.
*Q. Okay. Now did you intend to keep that car permanently?*
*A. No.*

\* \* \*

*Q.* Where is her [the complainant's] $45.00?
*A.* The police took the purse. I don't know.
*Q.* You didn't have anything to do with that $45.00 being
missing out of that purse?
*A.* No, I didn't even really even think about nothing like

Complainant testified that when defendant approached her car, she objected to his intent to take it, at which time the defendant threatened to blow her brains out if she did not get away from the car. Consistent with this threat, complainant observed that defendant had his hand in his pocket, holding what she believed to be a gun. Defendant denied that he confronted complainant in any way, and claimed he was unarmed.

Defendant admitted that he drove complainant's car throughout the day, making stops at four or five locations, allegedly for the purpose of obtaining a gun to protect himself. At no time, however, did defendant attempt to contact police to ask for their protection from the men that were supposedly out to kill him. Defendant also admitted that complainant's purse was in the car when he drove off, but denies taking forty-five dollars that was apparently missing when the purse was returned to complainant.

At approximately 4:30 P.M. that same day, defendant was stopped in complainant's car by the police. As the police approached the car, defendant backed into an intersection, running into another vehicle, and then accelerated forward in the direction of one of the police officers. After the officer jumped out of the way, defendant crashed the car into a fence and was apprehended.

B

Defendant was charged with armed robbery and assault with intent to murder[4] the police officer. The defendant received a trial by jury. The trial

that. *She was going to get her car back. That is the way I figure.* So I put the purse in the trunk. [Emphasis added.]

[4] MCL 750.83; MSA 28.278.

judge agreed to instruct the jury on several lesser included offenses. The jury was instructed on assault with intent to do great bodily harm less than murder[5] and felonious assault,[6] as lesser offenses to the principal charge of assault with intent to murder. On the principal charge of armed robbery, the judge instructed the jury on the lesser offenses of unarmed robbery[7] and larceny from a person.[8] Defendant's request for lesser offense instructions of unlawfully taking and using an automobile[9] *and* UDAA[10] was refused. The defendant was convicted of larceny from a person and acquitted of the assault charges.

Defendant appealed the refusal to instruct the jury on UDAA. The Court of Appeals unanimously affirmed the action of the trial judge, finding that armed robbery and UDAA consisted of few common elements, and that, more fundamentally, they were not of the same class or category of offenses. 200 Mich App 68; 503 NW2d 689 (1993). On the defendant's application, we granted leave to appeal. 444 Mich 973 (1994).

II

The duty of the trial judge to instruct the jury is provided by statute. Pursuant to MCL 768.29; MSA 28.1052, a jury must be instructed regarding the law applicable to the case; however, any verdict rendered will not be set aside because of the failure to instruct the jury on any point of law

---

[5] MCL 750.84; MSA 28.279.
[6] MCL 750.82; MSA 28.277.
[7] MCL 750.530; MSA 28.798.
[8] MCL 750.357; MSA 28.589.
[9] MCL 750.414; MSA 28.646.
[10] MCL 750.413; MSA 28.645.

unless the defendant requests such instruction. Because the defendant here properly requested that instruction be given to the jury on the felony of UDAA, we focus our attention on whether the refusal to give such instruction was error.

A

While examination of the law controlling the propriety of lesser included offense instructions in Michigan normally reaches back only to 1975, the doctrine developed at common law much earlier. Lesser included offense instructions originally were intended to assist in the prosecution of cases where there was a deficiency in the proof of some element of the principal crime charged. *Keeble v United States,* 412 US 205, 208; 93 S Ct 1993; 36 L Ed 2d 844 (1973). Application of the common-law doctrine is readily apparent in early Michigan case law, in which instruction on lesser offenses requested by the prosecution was allowed if the information charging the greater, principal offense included allegations supporting a lesser offense. See, e.g., *People v McDonald,* 9 Mich 150, 152 (1861), overruled on other grounds by *People v Worrell,* 417 Mich 617; 340 NW2d 612 (1983) (consent is relevant to a charge of assault to commit statutory rape) but see *id.* at 623 (BOYLE, J., dissenting) ("It is a general rule of criminal law, that a jury may acquit of the principal charge, and find the prisoner guilty of an offense of lesser grade, if contained within it"); *Hanna v People,* 19 Mich 316 (1869) (affirmed a conviction for assault and battery where the defendant was acquitted of the principal charge of assault with intent to murder). Express allowance for the jury to find a defendant guilty of an inferior degree of an offense is pres-

ently provided by statute. MCL 768.32; MSA 28.1055.[11]

Although originating as an aid to prosecution, it is clear that the lesser included offense doctrine has evolved to allow defendants to request instruction on such offenses. *Keeble, supra* at 208.

B

The current rule for lesser included offense instructions in Michigan is set forth in *People v Ora Jones, supra* at 390:

> The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error.
>
> If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.
>
> In the area of "cognate" lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense. [Citations omitted.]

It was also noted in *Ora Jones* that to warrant instruction of a jury on a lesser included offense, the lesser offense should be "of the same class or category, or closely related to the originally charged offense . . . ." *Id.* at 388.[12] While this

---

[11] Pursuant to MCL 768.32(2); MSA 28.1055(2), added by amendment in 1978 PA 77, defendants charged with certain drug offenses cannot be granted instruction or convicted of lesser included offenses unless those lesser crimes are major controlled substance offenses.

[12] We have previously expressed frustration with the scope of our current lesser included offense doctrine, *People v Stephens,* 416 Mich 252, 258, n 9; 330 NW2d 675 (1982) ("The decisions of this Court . . . require certain lesser included felony instructions even if

requirement does not provide a meaningful restriction on instruction requests for necessarily included lesser offenses, it is essential in limiting the proper scope of cognate offenses for which instruction may be given.[13]

*Ora Jones* articulates rules for determining when to give lesser offense instruction for both "necessarily included" and "cognate" lesser offenses. "Necessarily included" lesser offenses encompass situations in which it is impossible to commit the greater offense without first having committed the lesser. *Ora Jones, supra* at 387. "Cognate" lesser included offenses are those that share some common elements, and are of the same class or category as the greater offense, but have some additional elements not found in the greater offense. *Id.*[14] The parties do not dispute that the case

such instructions are not supportable by any rational view of the evidence, confuse the jury, and invite juror compromise on issues such as identity that should not be compromised"). A rational view of the evidence approach would allow the court to determine whether there is any logical basis for a finding of guilt with regard to a lesser offense arising "from contradictory evidence, inconsistent evidence, or specific testimony that is impeached on cross-examination." *People v Stram,* 40 Mich App 249, 254; 198 NW2d 753 (1972). It would substitute for the *Kamin* standard of evidence sufficient to support the conviction on appeal, an evaluation of the actual state of proofs at trial. *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979). It would also eliminate the anomaly, demonstrated here, of a defendant affirmatively presenting evidence that would exclude conviction of necessarily included offenses while simultaneously claiming entitlement to them. While the prosecution has invited us to revisit this entire area of the law, we think such review is inappropriate on the present facts.

[13] In *Ora Jones* this requirement was thought necessary to give notice to the defendant that he may be required to defend against the lesser offense. Notice would always be satisfied where the defendant requests the instruction. However, it is apparent from *Ora Jones* that the same class or category requirement retains its force even when it is the defendant who requests the lesser offense instruction. That case, like the present one, concerned consideration of a cognate lesser included offense instruction requested by a defendant.

[14] The inclusion of cognate offenses for possible instruction broadens the pool of possible lesser offenses from that permitted at common law, which only included instruction on necessarily included offenses. *Ora Jones, supra* at 387. Federal courts continue to limit alternative

before us concerns a possible cognate offense.[15] Therefore, further inquiry is limited to the requisite elements necessitating instruction on this type of lesser offense.

In order to require a properly requested instruction for a cognate lesser included offense, two elements must be satisfied. First, the principal offense and the lesser offense must be of the same class or category, a requirement we have termed in a related context to be one of an "inherent relationship." *People v Stephens,* 416 Mich 252, 262; 330 NW2d 675 (1982); *People v Steele,* 429 Mich 13; 412 NW2d 206 (1987). Second, the evidence adduced at trial "must be examined to determine whether that evidence would support a conviction of the lesser offense." *Ora Jones, supra* at 390, *People v Pouncey,* 437 Mich 382, 387; 471 NW2d 346 (1991), and *People v Beach,* 429 Mich 450, 464; 418 NW2d 861 (1988).

C

In addition to separate tests for determining the propriety of necessarily and cognate lesser included offense instructions, we have also articulated a distinct test for determining when a requested instruction on a lesser included mis-

convictions to "offense[s] necessarily included in the offense charged . . . ." FR Crim P 31(c).

[15] Conviction of UDAA clearly does not require proof of several elements of the principal offense of armed robbery, such as an assault, the perpetrator being armed with either a dangerous weapon or an article that the victim reasonably believes to be a dangerous weapon, *People v Jolly,* 442 Mich 458, 465; 502 NW2d 177 (1993), taking property from the person or presence of the victim by the use or threat of violence, and intent to take the property permanently. See MCL 750.529; MSA 28.797, n 2 *supra;* see also *People v Newcomb,* 190 Mich App 424; 476 NW2d 749 (1991). UDAA, however, does require that the item wrongfully taken be a motor vehicle, an element not required for armed robbery. MCL 750.413; MSA 28.645, n 1 *supra.*

demeanor should be given.[16] Included as an element of that test is a requirement that there be an "inherent relationship" between the greater and lesser offense. *People v Stephens, supra* at 262, *People v Steele, supra* at 19. The Court in *Stephens* cited the requirement in *Ora Jones, supra* at 390, that there be a "common purpose" protecting the "same societal interest" for instruction on cognate offenses as an alternative statement of the inherent relationship element of the misdemeanor analysis. The basis for the *Stephens* and *Steele* inherent relationship element is instructive in understanding the need for a correlation between a charged offense and a requested lesser offense in the cognate offense setting.

As detailed in the misdemeanor lesser offense analysis, an inherent relationship between a greater and lesser offense requires that the two offenses " 'relate to the protection of the same interests' " and " 'must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.' " *Stephens, supra* at 262, quoting *United States v Whitaker,* 144 US App DC 344, 349; 447 F2d 314 (1971).[17] In

---

[16] In *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), a "misdemeanor cutoff " rule was established barring lesser included offense instructions for offenses with a maximum incarceration period of one year or less, where the principal offense charged was punishable by imprisonment of more than two years. In *Stephens,* this rule was replaced by a more flexible, five-step analysis for determination of the propriety of misdemeanor instruction. The requirement that the misdemeanor for which instruction is requested be supported by a rational view of the evidence at trial continues to distinguish the misdemeanor analysis from the rule for instruction on lesser included felonies. *Stephens, supra* at 262-263.

[17] While the inherent relationship test stated in *Whitaker* was ultimately rejected in the federal courts in favor of an elements approach to lesser included offense instructions for necessarily included offenses, *Schmuck v United States,* 489 US 705; 109 S Ct 1443;

*Stephens,* we simply stated that the inherent relationship test was "required to prevent misuse of lesser included offense instructions by the defense." *Id.* at 262. In *Steele,* we acknowledged with approval the more expansive explanation of the inherent relationship test from *Whitaker:*

> "In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial. 'An element of the mercy-dispensing power is doubtless inherent in the jury system, and may well be a reason why a defendant seeks a lesser included offense instruction, but it is not by itself a permissible basis to justify such instruction.'" [*Steele, supra* at 20, n 4, quoting *Whitaker, supra* at 349. Citation omitted.]

We continue to uphold the requirement for an inherent relationship between a charged offense and a cognate lesser offense for instruction, and similarly approve of the underlying rationale for such a rule.

The object of a criminal trial is a determination of the question whether the defendant has committed the crime charged or some related offense on the basis of evidence presented relating to the event or events in question at trial. Additionally, determination of what crime, if any, a defendant is guilty of is necessary so that the proper punishment may be imposed. In order to achieve this end, especially in a jury trial, clarity must be maintained regarding those crimes for which a

103 L Ed 2d 734 (1989), the vitality and rationale of *Whitaker* remains intact in this state when considering cognate and misdemeanor lesser included offense instructions.

defendant may be convicted. As the United States Supreme Court has observed, albeit in a different context:

> The absence of a lesser included offense instruction increases the risk that the jury will convict, not because it is persuaded that the defendant is guilty of capital murder, but simply to avoid setting the defendant free. . . . The goal . . . , in other words, is to eliminate the distortion of the factfinding process . . . . [*Spaziano v Florida,* 468 US 447, 455; 104 S Ct 3154; 82 L Ed 2d 340 (1984).]

However, unless there is some evidentiary protection against an appeal to the jury's mercy-dispensing power, it is likely that the evidence introduced will be "whatever manner of evidence . . . of use in obtaining a charge on the least punitive lesser included offense possible in order that the jury may have the opportunity to be merciful." Ettinger, *In search of a reasoned approach to the lesser included offense,* 50 Brooklyn L R 191, 217 (1984). To preserve the jury's proper function, the bounds of possible offenses the jury may consider in a particular case must be described. In the case of cognate lesser offenses, the method of management adopted by this Court is to limit instruction to those offenses that bear a sufficient relationship to the principal charge in that they are in the same class or category, protect the same societal interests as that offense, and are supported by the evidence adduced at trial. Thus, not all lesser offenses that are not necessarily included are potential candidates for consideration as cognate crimes. If the jury's mercy-dispensing power is unrestrained, attention to the factfinding duty may be diverted, and the jury may assume the punishment prerogative of the court. The guidance

provided by an inherent relationship requirement helps to keep the jury focused upon its charge.[18]

### D

The initial inquiry then, where jury instruction on a possible cognate lesser included offense has been requested, is whether the lesser offense bears an inherent relationship to, or is of the same class or category as the charged offense. This requirement in the present case dictates that we examine the statutory purpose behind UDAA and armed robbery.

UDAA, more commonly known as "joyriding," was enacted soon after the appearance of the automobile to protect against the unauthorized use of those vehicles. The statute was not aimed at preventing theft, because under such circumstances our larceny statutes would suffice.[19] It was rather directed toward an annoying, but relatively harmless type of trespass, aptly described in a

[18] The proofs in this case present an example of the infinite malleability of combining the "automatic instruction rule" of *People v Kamin,* n 12 *supra* at 493 overruled in part by *People v Beach, supra* (larceny from a person was found to be a necessarily lesser included offense of armed robbery), in which review of the evidence is not in order for necessarily included offenses, with "[r]eview of the record for evidentiary support," *id.,* with regard to cognate lesser included offenses. Defendant's testimony directly traced the elements of UDAA and was thus inconsistent at a minimum with an instruction on larceny from the person; nonetheless, defendant received the benefit of a charge for that offense although affirmatively denying that he intended to deprive plaintiff permanently of her property. Federal and state courts have held that a defendant has the burden of showing evidence in the record sufficiently in dispute to provide a rational basis for the jury to find the defendant guilty of a lesser offense and not guilty of the greater crime charged. *United States v Torres,* 937 F2d 1469 (CA 9, 1991); *United States v Miller,* 939 F2d 605 (CA 8, 1991); *State v Adams,* 74 Ohio App 3d 140; 598 NE2d 719 (1991). See also *People v Pouncey, supra.*

[19] Joyriding, however, may be a lesser included offense of theft of a motor vehicle. *Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977); see also Perkins & Boyce, Criminal Law (3d ed), p 334, n 97.

trial court charge quoted in *People v Stanley,* 349 Mich 362, 364-365; 84 NW2d 787 (1957):

> "It was early discovered that so many automobiles would be taken, but without intent to permanently deprive the owner of the possession of his property, but merely for the sake of joyriding or something of that kind and then abandoning the cars, so the legislature created this crime, and they called it unlawfully driving away an automobile, and it differs from larceny in that respect, that is, it is not necessary that the State should establish in this type of case any specific intent to permanently deprive the owner of the possession of his property."

In light of this lower standard of intent, UDAA requires only that the unauthorized use of the vehicle be done " 'wilfully' " or " 'wilfully and wantonly.' " *Stanley, supra* at 365, quoting *People v Smith,* 213 Mich 351, 353; 182 NW 64 (1921). See also Perkins & Boyce, Criminal Law (3d ed), p 333. We thus characterize the statutory purpose of the UDAA statute as punishment and deterrence of the trespassory taking and use of property, placing it within the class or category of property offenses.

Robbery, while containing elements of theft of property, is primarily an assaultive crime. *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983) (robbery of two cashiers in one grocery store constitutes two separate and distinct offenses under the armed robbery statute), *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). "Robbery violates the social interest in the safety and security of the person as well as the social interest in the protection of property rights. In fact, as a matter of abstract classification, it probably should be grouped with offenses against the person . . . ." Perkins & Boyce, *supra,* p 350. Classification as an

offense against a person is particularly appropriate where the robbery is committed with the aggravating element. of the perpetrator being armed. In this situation, the safety and security of the person is most severely threatened, and the larcenous taking is of secondary importance.

> [T]he gravamen of the offense [of armed robbery] is the armed assault on a person when combined with the taking of money or property. The primary purpose of the statute is the protection of persons; the protection of property afforded by the statute is not significantly greater than that afforded by the statute prohibiting larceny from the person of another . . . . [*Wakeford, supra* at 111.]

Recognizing the aggravating elements of assault and an armed perpetrator required for armed robbery, we agree with the rationale of *Wakeford*, and conclude that such an offense is most properly classified under the category of crimes against the person.

This analysis leads to the conclusion that UDAA and armed robbery are not of the same class or category, and that UDAA is not a possible cognate offense where the primary offense charged is armed robbery. UDAA, while a property offense, lies within a hierarchy in line with, but below, the outer reaches of larceny. While bearing some relationship to theft, it requires no larcenous intent. Armed robbery also bears some secondary relationship to larceny, but is principally directed at protection of the person. That crime evinces a primary concern for the threat to the safety of the individual inherent in the manner chosen by the perpetrator to accomplish his larcenous end.[20]

---

[20] *People v Harris,* 82 Mich App 135, 138; 266 NW2d 477 (1978), which found UDAA to be a cognate lesser offense of armed robbery erred in concluding that the statutory purpose of armed robbery was

Whatever distant association the two offenses may have through their relationship to larceny is simply too tenuous to allow us to conclude that UDAA and armed robbery are of the same class or character as required for cognate offense instruction. We therefore affirm the decision of the Court of Appeals affirming defendant Hendricks conviction of larceny from a person on this basis. 200 Mich App 71. Because we dispose of the present case on this basis, we need not consider if the evidence presented at trial would support conviction of the lesser offense of UDAA.

### III

Applying the requirement for instruction on cognate lesser included offenses that the principal offense and the lesser crime be of the same class or category, or be closely related, we find that armed robbery and UDAA do not possess the requisite inherent relationship necessary to consider the possibility of such instruction. UDAA is a property offense, aimed exclusively at deterring and punishing joyriding. Armed robbery, while including the elements of larceny, is a crime against the person, concerned primarily with the safety and protection of the individual. The offenses pertain to distinct criminal behavior and are thus different classes or categories of crimes. We accordingly affirm the decision of the Court of Appeals.

RILEY, GRIFFIN, and MALLETT, JJ., concurred with BOYLE, J.

CAVANAGH, C.J. (*dissenting*). I dissent from the majority's conclusion that the trial court did not

deterrence and punishment of property theft. We thus overrule that portion of that opinion.

err in refusing to provide an instruction on the felony of unauthorized driving away of an automobile (UDAA). UDAA is a cognate lesser included offense of armed robbery because they are both of the same category of offenses.

I

A trial court is generally under no obligation to instruct the jury on a lesser included offense,[1] yet it is obligated if the defendant requests the instruction. *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975). Michigan recognizes two types of lesser included offenses: (1) necessarily included and (2) cognate.[2]

> The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Wharton, Criminal Law and Procedure, § 1799. This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of "cognate" or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence "cognate" in the sense that they share several elements, and are of the same class or

---

[1] An exception to this general premise is that the trial court must instruct the jury, sua sponte, on the crime of second-degree murder in every first-degree murder case. See *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975).

[2] Unlike Michigan courts, federal courts are not obligated to instruct on requested, lesser included cognate offenses:

> The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense. [FR Crim P 31(c).]

category, but may contain some elements not found in the higher offense. [*People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). Emphasis in original.]

The question whether an offense is a necessarily included offense of another can be determined by a review of the elements of each offense;[3] however, an offense's status as a cognate lesser included offense requires a more involved inquiry. A cognate lesser included offense is an offense "of the same class or category, or closely related to the originally charged offense . . . ." *Ora Jones* at 388. "The offenses are cognate [if] the elements shared by the two offenses coincide in the harm to the societal interest to be protected." *Id.* at 390. Once a trial court determines that an offense is a cognate lesser included offense of the one originally charged, it is compelled to provide the requested instruction if the evidence presented at trial "would support a conviction of a lesser included offense . . . ." *Id.*

II

While *Ora Jones* and its progeny enumerate the standard used to determine when a trial court must instruct the jury on cognate lesser included *felony* offenses, the majority relies on language found in cases enumerating the applicable standard for lesser included *misdemeanor* offenses.

First, the principal offense and the lesser offense must be of the same class or category, a requirement we have termed in a related context to be one of an "inherent relationship." *People v Ste-*

---

[3] UDAA is not a necessarily included offense of armed robbery because one does not necessarily commit UDAA while committing armed robbery.

*phens,* 416 Mich 252, 262; 330 NW2d 675 (1982); *People v Steele,* 429 Mich 13; 412 NW2d 206 (1987). [*Ante* at 444.]

Both *Stephens* and *Steele* apply the standard for lesser included misdemeanor offenses—this case involves a lesser included felony offense.[4] The Michigan standard for lesser included felony offenses requires the offenses to be of the "same class or category," see *Ora Jones, supra;* however, only those cases examining lesser included misdemeanor offenses utilize the "inherent relationship" requirement. The "inherent relationship" requirement finds its roots in federal case law. It is improper to use federal case law and federal standards in this instance because of this Court's recognition that the federal standard is stricter than this state's standard for cognate lesser included felony offenses.

The rule [for lesser included misdemeanor instructions] was adopted from the United States Court of Appeals decision in *United States v Whitaker,* 144 US App DC 344; 447 F2d 314 (1971). Indeed, our conditions parallel the *Whitaker* reasoning. Although we do not follow the federal approach for lesser included felony offenses, we do so in the separate misdemeanor realm. This distinction must be made because the federal courts acknowledge *only* necessarily lesser included offenses; cognate offenses instructions are simply not allowed. Hence, instructions for lesser misde-

---

[4] The federal courts employ the "rational view of the evidence" standard when determining whether a federal court must instruct on a necessarily included offense. Michigan courts also apply this standard for lesser included misdemeanor offense instructions. The rational view of the evidence standard is *not,* however, the Michigan standard for lesser included felony instructions. "In adopting a rational basis test for lesser misdemeanor offense instructions, we do not wish to be understood as adopting such a rationale for lesser included felony offense instructions. *People v Ora Jones* is still controlling thereon." *People v Stephens, supra* at 264.

meanor offenses are less freely given . . . . [*Steele* at 19.]

The "inherent relationship" requirement is not simply an alternative term for the "same class or category" requirement. This is evidenced by the majority's own explanation:

> [A]n inherent relationship between a greater and lesser offense requires that the two offenses " 'relate to the protection of the same interests' " and " 'must be so related that in the general nature of these crimes, though not necessarily invariably, *proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.*' " [*Ante* at 445. Emphasis added.]

Although the Michigan standard for cognate lesser included felony offenses speaks in terms of the earlier requirement, it does not require the latter. In essence, the second requirement describes a *necessarily* included offense.[5] The majority's inclusion of the latter requirement changes the equation and unduly restricts the instances in which a trial judge will be compelled to instruct on a lesser included felony offense. While the majority asserts that "[t]he basis for the . . . inherent relationship element is instructive in understanding the need for a correlation between a charged offense and a requested lesser offense in the cognate offense setting," it goes beyond "instruction," instead eroding the nearly twenty-year-old standard of *Ora Jones. Ante* at 445. The attempted lesson is neither necessary nor germane when reviewing the necessity for cognate lesser included felony instructions.

---

[5] By definition a cognate lesser included offense will not share all the elements of the greater offense.

### III

The majority concludes that UDAA is not a cognate lesser included offense of armed robbery because it is in the category of property offenses and armed robbery is in the category of crimes against the person. Admittedly, the crime of robbery is an assaultive crime, but it does include an element of theft similar to UDAA.[6] Both offenses share the common purpose of deterring the deprivation of the use and enjoyment of property (even if only for a short time frame).[7] Robbery falls into two catego-

---

[6] The universal view at common law was that robbery was an aggravated form of larceny or theft. 1 Hawkins, Pleas of the Crown (1716-1721), p 95 (robbery is mixed or complicated larceny); 2 East, Pleas of the Crown (1803), p 707 (robbery is a species of aggravated larceny from the person); 23 RCL 1140, Robbery, § I(2) ("Robbery may thus be said to be a compound larceny composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking"). Textbooks published during the past century have continued to state that common-law robbery is larceny or theft aggravated by the use of force. See, e.g., Clark & Marshall, Crimes (7th ed), § 12.09, pp 881-882; LaFave & Scott, Criminal Law, § 94, p 692; Perkins, Criminal Law (2d ed), § 2, p 280; Smith & Hogan, Criminal Law (3d ed), p 434; Cross & Jones, Criminal Law (8th ed), § 11.2, p 215; Williams, Criminal Law, p 791. The courts, some defining the common-law offense and some construing a statutory codification of the offense, have also said that robbery is aggravated theft. And in *People v Jankowski,* 408 Mich 79, 87-88; 289 NW2d 674 (1980), this Court declared that the robbery statute incorporated the common-law rule that robbery is aggravated theft:

"Robbery has long been defined in this jurisdiction to be nothing more than a 'larceny committed by assault or putting in fear.' . . . When the taking is accomplished by force or assault, *the offense is aggravated to one of robbery.*" [*People v Wakeford,* 418 Mich 95, 127-128; 341 NW2d 68 (1983) (opinion of Levin, J.). Emphasis in original.]

[7] The UDAA statute provides:

Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years. [MCL 750.413; MSA 28.645.]

ries—property offenses and crimes against the person. Its presence in one category does not divest it of its position in the other. Because both offenses share a common purpose and category—the deterrence and punishment of theft—UDAA is cognate lesser included offense of armed robbery.

A trial judge is compelled to provide a requested cognate lesser included offense instruction if the evidence introduced at trial "would support a conviction of a lesser included offense . . . ." *Ora Jones* at 390. Evidence was presented at trial that would support a conviction of UDAA.[8] Shirley McGriff, owner of the seized vehicle, testified that the defendant drove away her automobile without permission. In this respect, the defendant agreed. Because the evidence would support a conviction of UDAA, the trial court erred in refusing to instruct the jury.

---

The armed robbery statute provides:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. [MCL 750.529; MSA 28.797.]

[8] To convict a defendant of UDAA, the prosecution must prove each of the following elements beyond a reasonable doubt:

(2) First, that the vehicle belonged to someone else.

(3) Second, that the defendant took possession of the vehicle and [drove/took] it away.

(4) Third, that these acts were both done [without authority/ without the owner's permission].

(5) Fourth, that the defendant intended to take possession of the vehicle and [drive/take] it away. It does not matter whether the defendant intended to keep the vehicle. [CJI2d 24.1, see also MCL 750.413; MSA 28.645.]

IV

The conclusion that the trial court erred in refusing to instruct the jury on UDAA does not, however, end the inquiry. The question remains whether the error was harmless. *People v Mosko,* 441 Mich 496, 501-502; 495 NW2d 534 (1992); *People v Beach,* 429 Mich 450, 466; 418 NW2d 861 (1988).[9]

Generally, the refusal to give an instruction on a lesser included offense is considered harmless if the jury finds the defendant guilty of a greater charge as opposed to an *instructed* intermediate charge. *Mosko* at 504, *Beach* at 490-491. The Court justifies this rule by reasoning that if the jury had doubts about the defendant's guilt of the charged offense, it would have found the defendant guilty of the *instructed* lesser included offense. *Id.*

This rule is not applicable in the instant case, however, because the jury found the defendant guilty of the lowest crime on which it was instructed (larceny from a person). Furthermore, there is no evidence that the element that would have reduced the crime from the higher to the lesser offense was not at issue.[10] In the case at bar, the defendant asserted that he did not intend to steal the car, but he took it temporarily to escape those trying to harm him. In light of the jury's reluctance to convict the defendant of the charged offense and the presence of evidence that would

[9] A harmless error analysis applies regardless whether the rejected jury instruction concerned a necessarily, *Mosko,* or a cognate, *Beach,* lesser included offense.

[10] In *Mosko, supra* at 505-506, the Court held that the trial court's refusal to instruct on the lesser included offense of third-degree criminal sexual conduct (charged offense first-degree criminal sexual conduct), was harmless because first- and third-degree criminal sexual conduct are "distinguished only by the presence or absence of a familial relationship" and the defendant never disputed that a family relationship existed.

support a conviction of the offense of UDAA, I could not consider the error harmless.

Accordingly, I would reverse the defendant's conviction of larceny from a person and remand the case to the trial court for entry of a judgment of conviction of UDAA and resentencing. See *People v Stephens,* 407 Mich 402, 406; 285 NW2d 664 (1979); *People v Kamin,* 405 Mich 482, 498; 275 NW2d 777 (1979); *People v Thomas,* 399 Mich 826; 249 NW2d 867 (1977). However, the prosecution could, at its option, retry the defendant.

LEVIN and BRICKLEY, JJ., concurred with CAVANAGH, C.J.