PEOPLE v FLOWERS

Docket No. 175047. Submitted December 18, 1996, at Grand Rapids. Decided April 15, 1997, at 9:05 A.M. Leave to appeal sought.

Jimmy L. Flowers was convicted by a jury in the Kalamazoo Circuit Court, J. Richardson Johnson, J., of voluntary manslaughter. The defendant pleaded guilty of being a fourth-offense habitual offender and was sentenced to thirty to fifty years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in refusing the defendant's request for jury instructions on second- and third-degree child abuse as cognate lesser included offenses. The societal interest in making murder, and implicitly manslaughter, a crime is deterring the killing of human beings by other human beings, whereas the societal interest in making child abuse a crime is protecting children from the abuses and excesses of adults to whose authority the children are subordinated. Because manslaughter and child abuse do not possess a common purpose protecting the same societal interest, they are not inherently related in such a manner that a jury can be instructed on child abuse as a lesser offense of manslaughter.

2. By failing to object at trial, the defendant failed to preserve for appellate review his claim that the trial court, when instructing the jury, improperly characterized involuntary manslaughter as a lesser offense of murder. Failure to review the claim will not result in manifest injustice. The instructions as a whole fairly presented the issues to be tried and accurately stated the law, and use of the word "murder" was not pervasive.

3. The trial court did not abuse its discretion, nor was the defendant denied a fair trial, by the admission into evidence of autopsy photographs the defendant claims were highly inflammatory and prejudicial. The photographs were referred to during a pathologist's testimony and were instructive of the nature and extent of the victim's injuries.

4. The underrepresentation of African-Americans in the jury pool does not establish a violation of the defendant's right to an impartial jury drawn from a fair cross section of the community in the

⋮

absence of a showing that such underrepresentation was due to systematic exclusion.

5. In claiming ineffective assistance of trial counsel, the defendant has not rebutted the presumption that counsel engaged in sound trial strategy in not seeking to have a critical witness declared incompetent to testify.

6. The sentence imposed does not violate the principle of proportionality.

Affirmed.

1. CRIMINAL LAW — COGNATE LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.

A properly requested jury instruction for a cognate lesser included offense need be given only when the greater offense and the lesser offense serve a common purpose protecting the same societal interest and the evidence adduced at trial would support a conviction of the lesser offense.

2. CRIMINAL LAW — JURY — FAIR CROSS SECTION OF COMMUNITY.

A defendant, in order to establish a prima facie violation of entitlement to an impartial jury drawn from a fair cross section of the community, must show, among other things, that the underrepresentation of a group was due to systematic exclusion.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith* and *Pamella R. Szydlak*), for the defendant on appeal.

Before: BANDSTRA, P.J., and HOEKSTRA and S. F. COX*, JJ.

HOEKSTRA, J. Following a jury trial, defendant was convicted of voluntary manslaughter, MCL 750.321; MSA 28.553, in connection with the death of eight-month-old Emmet Flowers. Defendant then pleaded guilty to being an habitual offender, fourth offense,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 769.12; MSA 28.1084, and was sentenced to thirty to fifty years' imprisonment. Defendant now appeals, and we affirm.

Defendant first argues that he was denied due process and a fair trial by the trial court's refusal to give his requested jury instructions on what he considered to be the lesser offenses of second- and third-degree child abuse.[1] The jury was instead charged on voluntary and involuntary manslaughter only, and defendant was convicted of voluntary manslaughter. A properly requested instruction for a cognate lesser included offense need be given only when two elements are satisfied. First, the principal offense and the lesser offense must be of the same class or category, which means they must have an "inherent relationship." Two crimes are "inherently related" when they serve a "common purpose" protecting the "same societal interest." Second, the evidence adduced at trial must be examined to determine whether it would support a conviction of the lesser offense. *People v Hendricks*, 446 Mich 435, 444-446; 521 NW2d 546 (1994).

Here, we need not examine the evidence introduced at trial because we conclude, similarly to the Court in *Hendricks*, that the crimes at issue are not inherently related, or of the same class and character. *Id.* at 448. The crimes at issue in this case, manslaughter and child abuse, do not possess a common purpose protecting the same societal interests. The societal interest in making murder, and implicitly manslaughter, a crime is deterring the killing of human beings by other human beings. See *People v*

---

[1] MCL 750.136b; MSA 28.331(2).

*Perry*, 218 Mich App 520, 533; 554 NW2d 362 (1996). In contrast, we believe that the societal interest in making child abuse a crime is similar to the interests that were previously served by making child torture[2] a crime and the interests currently served by making child sexually abusive activity[3] a crime, those being the protection of children from the abuses and excesses of an adult to whose authority the children have been subordinated, see *People v Barnett*, 165 Mich App 311, 318; 418 NW2d 445 (1987), and the protection of children from assaultive behavior, see *People v Ward*, 206 Mich App 38, 42; 520 NW2d 363 (1994). Because we conclude that the crimes of manslaughter and child abuse are not of the same class or category, child abuse cannot be a cognate offense of manslaughter. Accordingly, we find no error in the trial court's refusal to give defendant's requested child abuse instructions.

Defendant next argues that he was denied due process and a fair trial by an improper jury instruction that characterized involuntary manslaughter as a lesser offense of murder; defendant was never charged with murder. However, defendant did not object below to the instructions given by the trial court, and thus we review this issue only if manifest injustice would result from our failure to do so. *People v Maleski*, 220 Mich App 518, 521; 550 NW2d 71 (1996). Here, because the instructions as a whole fairly presented the issues to be tried and accurately stated the law, and the use of the word "murder" was

---

[2] The offense of child torture, formerly MCL 750.136a; MSA 28.331(1), was repealed and replaced by the child abuse offenses at issue in this case.

[3] MCL 750.145c; MSA 28.342a.

not pervasive, we find that no manifest injustice will result from our failure to provide further review.

Defendant also argues that he was denied a fair trial by the admission of highly inflammatory and prejudicial autopsy photographs. We disagree. The admission of photographs as evidence is a matter within the discretion of the trial court. *People v Mills*, 450 Mich 61, 76; 537 NW2d 909 (1995), modified on other grounds 450 Mich 1212 (1995). Here, we find no abuse of discretion in the trial court's decision to admit the photographs at issue, where the photographs were referred to during the pathologist's testimony and were instructive in depicting the nature and extent of the victim's injuries.

Defendant further argues that he was denied his constitutional right to an impartial jury because there were no African-Americans in the array from which the jury was drawn. After the jurors from which the jury was to be selected were brought into the courtroom, but before fourteen jurors had been selected, defendant requested that a new group of jurors be brought in because there were no African-Americans in the array. Defendant admitted below that he was not arguing that African-Americans were being systematically excluded from the entire jury venire, but rather, he simply thought that he could not get a fair trial from this array.

On appeal, defendant apparently attempts to now argue that African-Americans are being excluded from the venire because none were in the array. We find defendant's argument to be without merit. While a criminal defendant is entitled to an impartial jury drawn from a fair cross section of the community, he is not entitled to a petit jury that exactly mirrors the

community. *People v Hubbard (After Remand)*, 217 Mich App 459, 472; 552 NW2d 493 (1996). In order to show a prima facie violation of the fair-cross-section requirement, a defendant must show, among other things, that the underrepresentation of the distinctive group, in this case African-Americans, was due to systematic exclusion. *Id.* at 473. Furthermore, it is well settled that systematic exclusion cannot be shown by one or two incidents of a particular venire being disproportionate. *Id.* at 481. Here, defendant's bald assertion that systematic exclusion must have occurred because no African-Americans were in the array is not sufficient to support his challenge.

Defendant next argues that he was denied the effective assistance of counsel by his counsel's failure to have a critical witness declared incompetent to testify. Here, after reviewing the record, we do not find that the actions of defendant's counsel in this regard fell below an objective standard of reasonableness. *People v Barclay*, 208 Mich App 670; 528 NW2d 842 (1995). Counsel's decision to bring out the witness' delusional tendencies on cross-examination is presumed to be sound trial strategy, and defendant has not overcome that presumption. Defendant fails to appreciate that, under MRE 601, a witness is presumed to be competent to testify.[4] Accordingly, because we believe that a motion to have the witness declared incompetent would have been futile, defendant's counsel was not ineffective for failing to bring

---

[4] The official comment to FRE 601, which is identical to our MRE 601, states: "A witness wholly without capacity is difficult to imagine. The question is one particularly suited to the jury as one of weight and credibility, subject to judicial authority to review the sufficiency of the evidence."

such a motion. *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991).

Finally, defendant argues that his thirty- to fifty-year sentence as a fourth-offense habitual offender violates the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). Having reviewed the circumstances surrounding the offender and the offense, we conclude that the sentence imposed does not violate the principle of proportionality and does not evidence an abuse of discretion by the trial court. *People v Gatewood (On Remand)*, 216 Mich App 559, 560; 550 NW2d 265 (1996).

Affirmed.