549 N.W.2d 321 (1996)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Andre D. RODGERS, Defendant-Appellee.
No. 103293, COA No. 163255.
Supreme Court of Michigan.
May 17, 1996.
On order of the Court, the application for leave to appeal is considered, and it is DENIED *322 because we are not persuaded the questions presented should be reviewed by the Court.
BOYLE, Justice, states as follows:
I would reverse by order or grant leave to appeal to consider whether defendant's request for an instruction regarding accessory after the fact is a cognate offense of first-degree murder, and, if so, whether the evidence adduced at trial supports such a charge.
In this case defendant was tried on charges of first-degree premeditated murder,[1] attempted murder,[2] and possession of a firearm during the commission of a felony.[3] The facts at trial establish that on September 29, 1992, Patricia Winters was shot to death on the front porch of her mother's house. Ms. Winters was pregnant at the time of the shooting, and her child, while born alive, died several days later.
On the night of the shooting, defendant and Thomas Alexander drove separately to the Winters' residence in search of Ms. Winters' brother, Victor Winters, who was apparently involved in a drug deal with defendant. Alexander arrived first and went onto the porch to ask Ms. Winter's and her mother if they knew where Victor was. Both Ms. Winters and her mother indicated they did not know. Alexander returned to his car and Ms. Winters' mother went into the house.
At that point, defendant got out of his car with a black bag in his hand and went onto the porch to speak with Ms. Winters. Defendant inquired where Victor was and when Ms. Winters indicated she did not know, defendant pulled out a gun and shot Ms. Winters.
This factual scenario was established by Alexander and corroborated by a neighbor who lived adjacent to the Winters' residence.
Defendant's version of events, as established in a statement he gave to the police, was that he and Alexander had gone to the Winters' residence, but that it was Alexander who shot Ms. Winters. Defendant further stated that he had told Alexander "that he [Alexander] had to get rid of the gun."
Defendant was convicted of the lesser-included offense of second-degree murder,[4] attempted murder (relating to the victim's baby), and felony-firearm. On appeal, the Court of Appeals reversed and remanded for a new trial, concluding that the trial court improperly instructed the jury regarding attempted murder and had improperly refused to instruct the jury on the lesser offense of accessory after the fact.
I would reverse the judgment of the Court of Appeals for three reasons. First, it is questionable whether, as a matter of law, accessory after the fact is a cognate offense of murder. Defendant's only justification regarding why the jury should have been instructed regarding accessory after the fact is that he helped Alexander conceal evidence. As we said in People v. Hendricks, 446 Mich. 435, 445, 521 N.W.2d 546 (1994), a cognate offense must be directed at the same social harm as the principle offense. Concealing evidence is not directed to protecting the same societal interest as discouraging murder. Thus, it is questionable whether accessory after the fact is a cognate offense of murder.
Second, assuming, arguendo, that accessory after the fact is a cognate offense of murder, the evidence adduced at trial must support conviction of the cognate offense. People v. Beach, 429 Mich. 450, 464, 418 N.W.2d 861 (1988). Defendant's statement that he advised Alexander "that he needed to get rid of the gun" did not constitute aid to the codefendant. Defendant did not confess to concealing evidence of the crime and in fact conceded that he had no idea what Alexander did with the gun. Therefore, it does not appear the evidence would be sufficient to justify instructing the jury even if the accessory charge is a cognate offense.
Finally, any error in not instructing the jury regarding accessory after the fact was harmless because the jury convicted defendant *323 on the felony-firearm charge. By convicting defendant on the felony-firearm charge the jury concluded defendant was the shooter and rejected defendant's position that he merely concealed evidence.
RILEY and WEAVER, JJ., would grant leave to appeal.
NOTES
[1] M.C.L. § 750.316; M.S.A. § 28.548.
[2] M.C.L. § 750.91; M.S.A. § 28.286.
[3] M.C.L. § 750.227b; M.S.A. § 28.424(2).
[4] M.C.L. § 750.317; M.S.A. § 28.549.