549 N.W.2d 321 (1996)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Brandon John PACHOLKA, Defendant-Appellee.
No. 104424, COA No. 156658.
Supreme Court of Michigan.
May 17, 1996.
On order of the Court, the application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
BOYLE, Justice, states as follows:
I dissent from the order and would grant leave to appeal to determine whether the Court of Appeals majority correctly held that a court has the authority to grant use immunity for testimony at a probation violation hearing. The majority relies on People v. Rocha, 86 Mich.App. 497, 272 N.W.2d 699 (1978), in which the Court of Appeals declared "a judicial rule of evidence," that in fact constituted the assumption of judicial authority to grant use immunity.
Since intermediate appellate courts are not empowered to adopt rules of evidence, Const. 1963, art. 6, § 5, and statutory law confers on the prosecuting attorney the power to seek immunity, M.C.L. § 780.701; M.S.A. § 28.1287(101), other panels of the Court of Appeals have held, consistent with authority from the United States Supreme Court[1] that courts have no inherent authority to grant use immunity, absent extraordinary circumstances. People v. Watkins, 78 Mich.App. 89, 259 N.W.2d 381 (1977); People v. Schmidt, 183 Mich.App. 817, 455 N.W.2d 430 (1990).
The majority thus implicates a substantial issue of separation of powers, Const. 1963, art. 3, § 2. It calls into question other published authority of the Court of Appeals and further perpetuates the doubtful proposition that the judiciary has inherent authority to create immunity. This is a matter of clear significance to the jurisprudence, and leave to appeal should be granted.
RILEY and WEAVER, JJ., would grant leave to appeal.
NOTES
[1] Pillsbury Co. v. Conboy, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983).