# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 20, 2016

v

STEFFEN DEVON LYMON,

Defendant-Appellant.

No.  328399
Genesee Circuit Court
LC No.  14-035820-FC

Before:  SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of first-degree criminal sexual conduct, MCL 750.520b(1)(b) (related by blood to victim and same household as victim).  He was sentenced, as a third-offense habitual offender, MCL 769.11, to 202 months to 40 years' imprisonment.  We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he was denied the effective assistance of counsel when defense counsel failed to object to the victim JS's testimony on the grounds that she was incompetent to testify based on her multiple recantations and testimony regarding her alter ego, which allegedly demonstrated that she lacked the sense of obligation to testify truthfully as required under MRE 601.  Defendant also contends that defense counsel was ineffective for failing to call Cedric Woods as an exculpatory witness at his trial.  We disagree.

A claim of ineffective assistance of counsel is a mixed question of fact and constitutional law.  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  We review a trial court's findings of fact for clear error, and questions of constitutional law de novo.  *Id*.  "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (citation and quotation marks omitted).  Because the trial court held a *Ginther*[1] hearing, we may consider the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

evidence presented at that hearing in addition to the lower court record. *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

Criminal defendants have a right to effective assistance of counsel under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (citation and quotation marks omitted).

## A. FAILURE TO CHALLENGE THE VICTIM'S COMPETENCY

Under MRE 601, every witness is presumed competent to testify unless the trial court finds after questioning a witness that the witness lacks, in relevant part, a "sense of obligation to testify truthfully and understandably . . . ." Defendant fails to overcome the presumption that JS was competent to testify. In support of his claim, defendant argues that defense counsel should have challenged JS's competency as a witness based on her "admissions of lying under oath and delusional alter ego." However, the record demonstrates that JS understood her obligation to testify truthfully. Before the first day of trial, the prosecution learned that JS intended to recant her previous preliminary examination testimony. As such, on the first day of trial, JS was extensively questioned regarding whether she understood the oath to testify truthfully, and warned that lying on the stand could subject her to potential perjury charges. JS indicated that she understood. Although JS later admitted to lying on the stand the first day of trial, this merely spoke to her credibility, as opposed to her competency. See, generally, *People v Watson*, 245 Mich App 572, 583-584; 629 NW2d 411 (2001).[2]

Defendant contends that defense counsel should have challenged JS's competency based on her testimony regarding her false alter ego, "Jaylin." JS testified to having a nonexistent friend, known as Jaylin, and explained that Jaylin was "a defense mechanism in [her] head to protect [her] and when [she] is feeling a certain type of way he basically comes to actually speak what's on [her] mind and what [she is] feeling." Although JS testified to the existence of Jaylin, this testimony failed to demonstrate her inability to testify truthfully and understandably.

---

[2] We note that, at the *Ginther* hearing, defense counsel testified that attacking JS's credibility based on the inconsistencies in her testimony was his trial strategy. Defense counsel explained that he first learned of JS's intent to recant through defendant's brother, Michael Lymon, before trial. He thought this was great news for defendant because JS was going to testify that defendant did not sexually assault her. Counsel further testified that he thought the more JS lied on the stand, the better for defendant's case because counsel "didn't think anybody in the world was going to believe her," based on all the inconsistencies in her testimony.

The record reveals that defense counsel cross-examined JS regarding the existence of Jaylin, and that the following colloquy took place:

> [*Defense Counsel*]:  Have you recently referred to having demons?  Have you told anyone that you have demons?
>
> [*JS*]:  No.
>
> [*Defense Counsel*]:  You've never told anyone that?
>
> [*JS*]:  No.
>
> [*Defense Counsel*]:  Okay.  Is Jaylin a demon?
>
> [*JS*]:  No.
>
> [*Defense Counsel*]:  You've never called Jaylin a demon?
>
> [*JS*]:  No.
>
> [*Defense Counsel*]:  Would Jaylin be upset if you called him a demon?
>
> [*JS*]:  Yes.

Trial counsel's decision to bring out a witness's delusional tendencies on cross-examination is presumed to be sound trial strategy. *People v Flowers*, 222 Mich App 732, 737; 565 NW2d 12 (1997).  Defense counsel's decision to cross-examine JS regarding the existence of Jaylin as opposed to seeking a ruling on competence was a reasonable trial strategy, which we will not second-guess. *Id.*; *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

Even if defense counsel's performance was deficient, defendant fails to establish that he was prejudiced by defense counsel's failure to object to JS's testimony.  The record reveals that there was ample evidence for the jury to consider independent from JS's testimony.  JS's aunt, JS's mother, Flint Police Officer Gwenlyn Aubrey, and Child Protective Services Investigator Sharyn Beauchamp each testified to a similar reporting of the incident by JS.  Specifically, each witness testified that JS had informed them that defendant sexually assaulted her.  Further, JS's mother testified that when she called defendant to inquire into JS's claim, defendant replied that he did not penetrate JS's anus before she ever mentioned specifically where JS claimed defendant sexually assaulted her.  Additionally, DNA evidence was presented, which confirmed the presence of defendant's DNA on the anal swab taken during the rape-kit procedure.  Defendant is unable to demonstrate a reasonable probability that the outcome of the proceedings would have been different if defense counsel had objected to JS's competency as a witness.

## B. FAILURE TO CALL AN EXCULPATORY WITNESS

Defendant also argues that defense counsel was ineffective when he failed to "call a witness who had contacted [d]efendant on the morning of the allegations and provided a statement to the police." We disagree.

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *Unger*, 278 Mich App at 242-243. Trial counsel's decision whether to call a witness at trial is presumed to be sound trial strategy. *People v Meissner*, 294 Mich App 438, 460; 812 NW2d 37 (2011). Generally, "the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (citation and quotation marks omitted). A substantial defense is one that could have made a difference in the trial's outcome. *Chapo*, 283 Mich App at 371.

We first note that defendant has not adequately briefed this issue and has therefore abandoned it. See *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015). At any rate, defendant has failed to overcome the presumption that defense counsel provided effective assistance. See *Eisen*, 296 Mich App at 329.

Below, defendant asserted that Woods is a former client of his barbershop who could have testified that he called defendant at 8:30 a.m. on the date of the incident and later saw JS run from the barbershop and jump into a car.

When appellate counsel questioned defense counsel regarding why he did not call Woods as a witness at defendant's trial, defense counsel replied that he thought Woods's testimony would have only hurt defendant's case. Defense counsel explained that he believed Woods's testimony would have been "irrelevant to the issues at hand," and that his testimony regarding seeing JS run from the barbershop could actually have strengthened prosecution testimony.

Considering defense counsel's explanation in light of the record, the failure to call Woods was sound trial strategy. See *Meissner*, 294 Mich App at 460. Specifically, JS's aunt testified that JS had texted her and asked her to pick up JS at defendant's barbershop immediately. The aunt indicated that when she arrived, JS ran out to her aunt's vehicle, and was hysterical when she got into the car. The aunt explained that she could barely get JS to buckle her seatbelt because JS "was all over the place." Thus, defense counsel's decision not to call Woods as a witness at defendant's trial was reasonable trial strategy because Woods's testimony could have strengthened the testimony of JS's aunt. We will not second-guess defense counsel's decision not to call Woods as a witness. *Unger*, 278 Mich App at 242-243. Moreover, defense counsel's strategy does not constitute deficient performance simply because defendant was found guilty instead of not guilty. See *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008).

We find no basis for reversal.

## II. SENTENCING

Defendant contends that he is entitled to a remand for resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because the trial court impermissibly engaged in judicial fact-finding when it scored certain offense variables (OVs) and imposed an unreasonable sentence. Defendant has waived this issue. At the *Ginther* hearing, which occurred after the issuance of *Lockridge* and *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015), lv granted 499 Mich 934 (2016) (dealing with "reasonableness"), the parties also addressed resentencing. The trial court repeatedly expressed a willingness to resentence defendant, but defense counsel *explicitly stated* that resentencing was not necessary. Under these circumstances, defendant has waived his resentencing request. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

We further note that the trial court indicated that even disregarding the OVs scored using judicial fact-finding, it would have imposed the exact same sentence. We also note that defendant focuses on judicial fact-finding, and his appellate argument regarding reasonableness is insufficiently developed. For example, he fails even to cite *Steanhouse*, *supra*, or to discuss its sentencing standards. It is not our role to develop a party's argument for him. *Bosca*, 310 Mich App at 16.

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray