PEOPLE v HENDRICKS

Docket No. 133148. Submitted January 6, 1993, at Lansing. Decided
June 7, 1993, at 9:55 A.M. Leave to appeal sought.

Gregory Hendricks was convicted by a jury in the Detroit Record-
er's Court, Lawrence D. Silverman, J., of larceny from a person.
He thereafter pleaded guilty of being an habitual offender,
fourth offense. The defendant originally had been charged with
armed robbery and assault with intent to commit murder for
taking an automobile from a motorist who thought that the
defendant was armed with a gun when he demanded the
automobile. The defendant appealed, claiming that unlawfully
driving away an automobile is a cognate lesser included offense
of armed robbery and that the trial court erred in refusing to
instruct the jury regarding UDAA.

The Court of Appeals *held:*

UDAA is not a cognate lesser included offense of armed
robbery because it is not of the same class or category as the
higher offense of armed robbery.

Affirmed.

1. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OFFEN-
SES.

A cognate lesser included offense is one that shares some ele-
ments of a higher offense and is of the same class or category
as the higher offense, but may also contain some elements not
found in the higher offense.

2. CRIMINAL LAW — UNLAWFULLY DRIVING AWAY AUTOMOBILE —
ARMED ROBBERY — COGNATE LESSER INCLUDED OFFENSES.

Unlawfully driving away an automobile is not a cognate lesser
included offense of armed robbery (MCL 750.413, 750.529; MSA
28.645, 28.797).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-

REFERENCES

Am Jur 2d, Robbery § 9.

See ALR Index under Robbery.

ing Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Donald R. Cook,* for the defendant.

Before: MURPHY, P.J., and MICHAEL J. KELLY and WAHLS, JJ.

WAHLS, J. Defendant was tried before a jury on one count of armed robbery and one count of assault with intent to commit murder. The jury found defendant guilty only of larceny from a person, MCL 750.357; MSA 28.589. He thereafter pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant now appeals as of right and presents a single issue: Is the offense of unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645, a cognate lesser included offense of armed robbery? We conclude that it is not, and affirm.

Defendant stole the complainant's automobile while she was pumping gasoline into it. According to the complainant, when she objected, defendant stated, "Bitch, I will blow your brains out if you don't get away from the car." Defendant had one hand in his pocket, and the complainant believed that he had a gun. Defendant got into the automobile and drove away. The complainant had left her purse inside the vehicle. Defendant was later stopped by the police and attempted to run over an officer with the automobile when he was ordered to shut off the engine. Defendant crashed the vehicle after an officer fired a shot. The complainant's purse was found in the trunk. Forty-five dollars were missing. Defendant testified on his own behalf. He acknowledged taking the complain-

ant's vehicle, but asserted that he had done so under duress. According to defendant, he took the vehicle when he saw another automobile that he believed carried several persons who wanted to kill him over a debt. Defendant denied that he had taken the money from the complainant's purse and denied that he had been armed.

At the conclusion of the proofs, defendant requested that the jury be instructed regarding various lesser offenses, including UDAA. The trial court refused to give this instruction, apparently on the ground that it was undisputed that the automobile had been taken from the complainant in her presence, establishing some type of larcenous offense.

On appeal, defendant claims that UDAA is a cognate lesser included offense of armed robbery, that evidence adduced at trial supported the instruction, and that it was error for the trial court to refuse to give the instruction.[1] According to defendant, reversal is required upon the authority of *People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978). We do not disagree with defendant's understanding of *Harris.* We do, however, disagree with *Harris* itself and believe that the case was wrongly decided, at least within the context of the law as we find it today.

A cognate lesser included offense is an offense that shares some elements of a higher offense and is of the same class or category as the higher offense, but which may also contain some elements not found in the higher offense. *People v Beach,* 429 Mich 450, 461; 418 NW2d 861 (1988); *People v Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). The essential elements of armed robbery are (1) an

---

[1] The prosecution's argument, on the other hand, is directed to another lesser offense instruction that defendant requested and the trial court denied, the offense of unlawful use of a motor vehicle, MCL 750.414; MSA 28.646. Defendant has not placed that requested instruction in issue on appeal.

assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v Newcomb,* 190 Mich App 424, 430; 476 NW2d 749 (1991). The essential elements of UDAA are (1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done wilfully, and (4) the possession and driving away must be done without authority or permission. *People v Dutra,* 155 Mich App 681, 685; 400 NW2d 619 (1986). The two offenses share a common element, namely, a wrongful taking of another's property.

Beyond that similarity, however, the offenses are quite different. Unlike armed robbery, UDAA does not require an intent to steal, that is, to permanently deprive the owner of his property. *People v Andrews,* 45 Mich App 354, 359; 206 NW2d 517 (1973). UDAA does not require proof of the use of a weapon, or that the property was taken from a victim's person or presence. Indeed, by definition UDAA is concerned with the wrongful taking of vehicles only. An armed robbery may be committed by feloniously taking any property of value.

We believe that, in addition to the widely disparate elements of the two offenses, a more fundamental difference exists between the offenses such that we are unable to conclude that UDAA is a cognate lesser offense. The lesser offense of UDAA is not of the same class or category as the higher offense of armed robbery. *Beach, supra; Jones, supra.* While armed robbery contains an element of theft, it is primarily an assaultive crime. *People v Allen,* 429 Mich 558, 611; 420 NW2d 499 (1988). UDAA, on the other hand, is not a larceny because it does not require an intent to permanently de-

prive a victim of property. *People v Murph,* 185 Mich App 476, 480-481; 463 NW2d 156 (1990).[2]

We conclude that UDAA is not a cognate lesser included offense of armed robbery. Hence, while the trial court's reasons for refusing to instruct the jury with regard to UDAA are not entirely clear to us, the trial court reached the correct result. We therefore affirm defendant's conviction and sentence.

Affirmed.

---

[2] In *Murph,* a panel of this Court concluded that UDAA and armed robbery are separate and distinct offenses that may be punished separately without running afoul of the constitutional bar against double jeopardy.