# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DESHON MARCEL SESSION,

        Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No.  325970
Oakland Circuit Court
LC No.  2014-250037-FC

Before:  TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed for his jury trial conviction of unlawfully driving away an automobile (UDAA), MCL 750.413.[1]  Defendant was sentenced to 29 months to 5 years' imprisonment for the UDAA conviction.  We remand to the trial court for determination of whether the trial court would have sentenced defendant differently had it not been constrained by the mandatory nature of the sentencing guidelines.

## I.  SENTENCING GUIDELINES SCORING AND INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that prior record variable (PRV) 7 and offense variables (OV) 1, 2, 12, and 19 were incorrectly scored, thereby requiring resentencing.  Defendant also argues that trial counsel's failure to object to the scoring amounted to ineffective assistance of counsel.  We disagree.

### A.  PRESERVATION AND STANDARD OF REVIEW

"A challenge to a sentence that is within the guidelines sentence range is preserved when it is raised at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals."  *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013).  However, an issue is waived if the defendant "clearly express[ed] satisfaction with a trial court's decision[.]"

---

[1] Defendant was also charged with one count of armed robbery, MCL 750.529, but was acquitted by the jury on that count.

-1-

*People v Hershey*, 303 Mich App 330, 351; 844 NW2d 127 (2013) (citation and quotation marks omitted). This Court, however, has applied the waiver doctrine less heavily in the context of sentencing errors. See *id.* at 350-355 (holding that there was no waiver when the trial court asked if there were any "additions or corrections" to the presentence report, and trial counsel merely responded that he did not). However, in examining defense counsel's language in this particular case, defense counsel waived any issues associated with PRV 7 and OV 1, OV 2, and OV 12. The trial court asked, "Defense counsel, challenges, explanations, allocution?" Defense counsel responded, "Judge, we have no issues with the guidelines . . . ." Defense counsel further went on, "Okay. Judge, we read the report, we found it factually accurate. I've gone over it with my client, he understands it and we would ask the Court to adopt it. The recommendation is a fair recommendation based upon what the jury decided." Defense counsel's affirmative language evinces a clear expression of satisfaction with the trial court's decision. Defense counsel, however, did object to the scoring of OV 19. Thus, there was no waiver to the scoring of that OV. Nevertheless, we will briefly analyze whether all of the challenged OVs and PRV 7 were scored properly.

For preserved sentencing errors, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id.* (citation and quotation marks omitted). However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358.

Unpreserved sentencing issues are reviewed for plain error affecting substantial rights. *Loper*, 299 Mich App at 457. Plain error analysis requires three findings: 1) error, 2) that is plain, 3) which affects substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A plain error will generally affect substantial rights when there is a showing of prejudice—"that the error affected the outcome of the lower court proceedings." *Id.* Once the three findings for plain error are met, "[r]eversal is warranted only when the plain . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (citation and quotation marks omitted).

"[A] defendant must move the trial court for a new trial or evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). Here, defendant did not move the trial court for a new trial or evidentiary hearing, and therefore, this issue is unpreserved for appellate review.

"A defendant's claim of ineffective assistance of counsel is a mixed question of fact and constitutional law." *Lane*, 308 Mich App at 67 (citation and quotation marks omitted). "Generally, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id.* at 67-68. "When the trial court has not conducted a hearing to

determine whether a defendant's counsel was ineffective, our review is limited to mistakes apparent from the record." *Id.* at 68.

## B. PRV 7

Under MCL 777.57(1)(b), a defendant must be assessed 10 points if he or she has one "subsequent or concurrent conviction . . . ." Furthermore, MCL 777.57(2)(a) provides, "Score the appropriate point value if the offender was convicted of multiple felony counts or was convicted of a felony after the sentencing offense was committed." Here, the sentencing offense of UDAA was committed on March 15, 2014. Defendant's presentence investigation report indicates that defendant was convicted of second-degree home invasion on August 6, 2014. Accordingly, PRV 7 was appropriately scored, as defendant was convicted of a felony *after* the sentencing offense was committed. The statute does not require that the felony underlying the subsequent conviction must have occurred after the sentencing offense-it simply requires that the defendant be "convicted of a felony after the sentencing offense was committed."

## C. OV 1

As a preliminary matter, OVs must be scored only in reference to conduct surrounding the sentencing offense. *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009). In other words, "[o]ffense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *Id.* at 135.

MCL 777.31(1)(c) mandates the assessment of 15 points for OV 1 under the following: "A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon . . . ." The language of MCL 777.31 does not expressly permit consideration of other crimes other than the sentencing crime, and thus the limiting principle in *McGraw*, 484 Mich at 127, 135, applies here.

MCL 750.413—UDAA—provides the following: "Any person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony . . . ." Defendant's primary contention with this OV scoring as it relates to his UDAA conviction is that he was not convicted of armed robbery, and that he did not point a firearm towards any victim *while* he was committing UDAA. However, the evidence shows that defendant pointed a firearm at the victim—Sharon Williams—while he took constructive possession of the vehicle by taking the car keys. "In our criminal jurisprudence, possession is either actual or constructive." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010). "Proof of actual physical possession is not necessary for a defendant to be found guilty of possessing contraband . . . ." *Id.* "Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons . . . ." *Id.* (citations and quotation marks omitted). The Michigan Supreme Court, in *People v Wolfe*, 440 Mich 508, 519-522; 489 NW2d 748 (1992), discussed the significance of the defendant's possession of a key to an apartment in which drugs were found, holding that the key was a factor in establishing that defendant was in constructive possession of narcotics insofar as

the key reflected defendant's control over the narcotics. Analogously, a preponderance of the evidence supports the conclusion that defendant constructively took possession of Williams's vehicle when he took her keys from her apartment while pointing a gun at her, as he had dominion and control over the vehicle at that moment. Therefore, as defendant pointed his gun "like dead square" in Williams's face while he took the keys, among other items, his actions satisfied OV 1.

## D. OV 2

MCL 777.32(1)(d)[2] requires assessment of five points if "[t]he offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon . . . ." The language of MCL 777.32 does not expressly permit consideration of other crimes other than the sentencing crime, and thus the limiting principle in *McGraw*, 484 Mich at 127, 135, applies here. This OV was proven by a preponderance of the evidence, as defendant possessed a pistol and a shotgun when he committed UDAA. First, defendant pointed a pistol at Williams while he was taking her car keys in the apartment. Second, the evidence supports the conclusion that defendant possessed the shotgun taken from Williams's apartment when he drove away in Williams's vehicle.

## E. OV 12

MCL 777.42(1)(f) requires assessment of one point if "[o]ne contemporaneous felonious criminal act involving any other crime was committed . . . ." The language of MCL 777.42 does not expressly permit consideration of other crimes other than the sentencing crime, and thus the limiting principle in *McGraw*, 484 Mich at 127, 135, applies here. Defendant committed armed robbery, MCL 750.529, contemporaneously with UDAA. Only a preponderance of the evidence is required to score offense variables, and the record supports, by a preponderance of the evidence, the conclusion that defendant committed armed robbery. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Williams testified that defendant came into her apartment at 5:00 a.m., pointed a weapon at her, and took her car keys, video game console, cell phone, two laptops, and a shotgun from her apartment. Accordingly, one point was properly assessed here.[3]

## F. OV 19

---

[2] OV 2, MCL 777.32, is required to be calculated for property crimes pursuant to MCL 777.22(2). MCL 777.16u provides that UDAA is a "Property E" category crime.

[3] At oral argument, the People indicated that both they and defense counsel agreed that the scoring of OV 12 was based upon the offense of armed robbery, which is a crime against a person. See MCL 777.16y. Although not argued in their brief, the People stated at oral argument that because OV 12 was scored based upon a crime against a person, it should have been scored at five points, rather than one. The trial court may address this issue on remand if it chooses to do so.

MCL 777.49(c) requires assessment of 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." "[P]ost-offense conduct may be considered when scoring OV 19." *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

> Decisions of both this Court and our Supreme Court have held the following conduct to constitute an interference or attempted interference with the administration of justice: providing a false name to the police, threatening or intimidating a victim or witness, telling a victim or witness not to disclose the defendant's conduct, fleeing from police contrary to an order to freeze, attempting to deceive the police during an investigation, interfering with the efforts of store personnel to prevent a thief from leaving the premises without paying for store property, and committing perjury in a court proceeding. [*Hershey*, 303 Mich App at 343-344.]

Evidence was presented that defendant encouraged his child's mother—Brittany McKethan—to intimidate Williams from participating in his prosecution. McKethan testified at trial that defendant spoke to her on March 21, 2014, at 8:45 a.m., and acknowledged that defendant asked her to encourage Williams to not appear in court. Moreover, Williams testified at trial that McKethan had told her that she would impose physical harm on Williams's child, among other threats, in retaliation for testifying at district court. A preponderance of the evidence supports the conclusion that defendant interfered with the administration of justice by intimidating a witness, and thus, 10 points was properly assessed here.

## G. INEFFECTIVE ASSISTANCE OF COUNSEL

To make an ineffective assistance of counsel claim, a defendant must show first that "counsel's representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In determining whether *Strickland*'s two-part test is met, the reviewing court must be mindful that "[d]efense counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (citation and quotation marks omitted). Additionally, "The defendant must also overcome the presumption that the challenged action might be considered sound trial strategy." *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008) (citations omitted). As concluded in the prior analysis of the OVs and PRV, none were incorrectly scored. Moreover, counsel in fact did object to OV 19. Accordingly, counsel could not have been ineffective when his performance did not fall below an objective standard of reasonableness. *People v Ericksen*, 288 Mich App 192, 205; 793 NW2d 120 (2010) (holding that failing to raise meritless objection is not ineffective assistance).

## II. CONSTITUTIONALITY OF SENTENCE

Defendant argues that his PRV 7, OV 1, OV 2, OV 12, and OV 19 scores were based on facts not found by the trier of fact beyond a reasonable doubt or admitted by him, and therefore,

that his sentence is accordingly unconstitutional under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We agree in part.

## A. PRESERVATION AND STANDARD OF REVIEW

To preserve issues of sentencing error based on *Lockridge* grounds, a defendant must specifically object to the error during sentencing on that particular ground. *Lockridge*, 498 Mich at 392. Here, defendant did not object to the scoring of his OVs on *Lockridge* grounds at sentencing, and therefore, this issue is unpreserved for appellate review.

Unpreserved claims of error are reviewed for plain error. *Id.* at 392-393. "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Id.* Substantial rights are affected when there is prejudice—"the error affected the outcome of the lower court proceedings." *Id.* at 393. Furthermore, even if all three requirements are satisfied, "an appellate court must exercise its discretion in deciding whether to reverse." *Id.* "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *Id.*

## B. *LOCKRIDGE* PRINCIPLES

The Michigan Supreme Court recently held in *Lockridge*, 498 Mich at 373-374, 383, that because Michigan's formerly mandatory sentencing guidelines required increasing a defendant's mandatory minimum sentence based on facts not found by the jury beyond a reasonable doubt or admitted by the defendant, the mandatory aspect of the sentencing guidelines was unconstitutional. Accordingly, the sentencing guidelines are now advisory. *Id.* at 392. The *Lockridge* Court relied heavily upon the United States Supreme Court's ruling in *Alleyne v United States*, ___ US ___, ___; 133 S Ct 2151, 2163; 186 L Ed 2d 314 (2013), which similarly held, "[F]acts that increase mandatory minimum sentences must be submitted to the jury."

Under the new framework, "cases in which (1) facts admitted by the defendant and (2) facts found by the [jury] [are] sufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced" are not tainted by plain error, as there is no prejudice resulting to the defendant. *Lockridge*, 498 Mich at 394-395. Conversely, "cases in which facts admitted by a defendant or found by the [trier of fact] . . . were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced" constitutes potential plain error. *Id.* at 395-396. Therefore, defendants "who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment . . . can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id.* at 395. On remand, the trial court must consider whether it "would have imposed a materially different sentence but for the constitutional error." *Id.* at 397.

## C. APPLICATION

PRV 7 is unaffected by *Lockridge*, as "the existence of a prior conviction" may be considered by the trial court for sentencing purposes. *Lockridge*, 498 Mich at 370 n 12. OV 1, OV 2, OV 12, and OV 19, however, were improperly assessed, as they relied upon facts not found by the trier of fact beyond a reasonable doubt or admitted by defendant.

Defendant was acquitted of armed robbery, but convicted of UDAA. UDAA, under MCL 750.413, is defined as the following: "Any person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony . . . ." The elements of UDAA are: "(1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done willfully, and (4) the possession and driving away must be done without authority or permission." *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1993). The statute by its plain terms does not require a finding of any of the facts contained in the challenged OVs, and accordingly, the jury could not have found beyond a reasonable doubt the facts required to score the OVs. Had these OV's been scored at zero, this would have reduced defendant's OV score by 31 points, thus dropping his minimum guidelines range from 14 to 29 months' imprisonment to 10 to 23 months' imprisonment. Because defendant has established the threshold for potential plain error, the case must be remanded to the trial court for it to determine if it "would have imposed a materially different sentence but for the constitutional error. If the trial court determines that the answer to that question is yes, the court shall order resentencing." *People v Stokes*, 312 Mich App 181; 877 NW2d 752 (2015). The precise procedure to be followed is modeled on that adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005) as follows:

> On a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Stokes*, 312 Mich App at 763-764 (citation omitted).]

We remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto

-7-