# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 17, 2018

Plaintiff-Appellee,

v

No. 341051
Washtenaw Circuit Court
LC No. 17-000257-FH

SHAWN LARAY BELL,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of one count of unlawfully driving away an automobile (UDAA), MCL 750.413, based on evidence that defendant's girlfriend revoked permission for defendant to drive her car. Defendant's sole challenge is to the sufficiency of the evidence. This case was a credibility contest and the jury credited the prosecution's witnesses over defendant. We affirm.

## I. BACKGROUND

In March 2017, defendant lived with his girlfriend, Connie Brown. Brown's sons Ricardo and Jordan also lived in the residence. At issue in this case is a vehicle owned by Ricardo. Ricardo gave Brown unfettered use of this vehicle, and Brown allowed defendant to use the vehicle whenever he wanted and without first asking permission. In fact, Brown gave defendant his own set of keys. Ricardo was aware of this situation and did not object.

On March 2, 2017, defendant intended to drive the vehicle to secure an employment-related drug test and then to an evening class at school. Brown testified, however, that defendant lost the password he needed to register for the drug test and took it out on her. Brown described that defendant swore at her and attempted to grab her. Brown ducked out of the way and hit her head in the process. Brown asserted that defendant then slammed her head into the refrigerator door.

After this attack, Brown instructed defendant, "Go, and don't take the car, just get out and go." Ricardo intervened and also told defendant he could not take the car. Contrary to these instructions, defendant drove away in the vehicle. Ricardo eventually called the police, but Brown first tried to convince defendant to bring the car back. Brown sent defendant a series of text messages to no avail. Washtenaw County Sheriff's Deputy Cindy Flint came to the home

-1-

that evening. While she was there, Brown called defendant and placed the phone in speaker mode. The deputy heard defendant threaten to burn the car.

Defendant was arrested later that night while still driving the vehicle. Defendant admitted to arguing with Brown and swearing at her. He also admitted that Brown hit her head while backing away from him and that he lightly pushed Brown into the refrigerator. However, defendant denied that Brown or Ricardo revoked permission to drive the vehicle or asked him to return it. Indeed, defendant claimed that Brown texted him, "Just stop and take my car to school." Defendant further denied that he made any threats via text or phone call to Brown.

Ultimately, the jury credited the prosecution witnesses and convicted defendant of UDAA.[1] Defendant now appeals.

## II. ANALYSIS

Defendant argues that the prosecution failed to present legally sufficient evidence to support his UDAA conviction. We review such claims de novo, considering "the evidence in the light most favorable to the prosecution" to determine "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). The trier of fact, not this Court, determines the inferences that may be drawn from the evidence and the weight assigned to those inferences. *Id.* at 428. "This Court will not interfere with the jury's role of determining the weight of the evidence or deciding the credibility of the witnesses." *People v Fletcher*, 260 Mich App 531, 561; 679 NW2d 127 (2004).

To establish a charge of UDAA, the prosecution must prove that defendant (1) possessed the subject vehicle and (2) drove it away, (3) willfully and (4) without authority or permission. *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1993). Defendant challenges the evidence supporting the final element alone.

The prosecution does not dispute that defendant traditionally had permission to drive the vehicle at will and was not required to ask Brown or Ricardo first. However, the prosecution asserts that Brown and Ricardo revoked that permission *before* defendant drove away the vehicle on this occasion. Both Brown and Ricardo testified that they told defendant he could not take the vehicle and that defendant drove the vehicle away anyway. The jury found this testimony credible and we may not interfere with that judgment.

Defendant contends that Brown "unenthusiastically told Defendant not to take the car when he left," implying that Brown did not truly intend to revoke her permission. Even if that were true, Ricardo also revoked defendant's permission to drive the car. As the car's owner,

---

[1] The prosecutor also charged defendant with weapons related offenses, assault, and domestic violence. The court dismissed one assault charge and the jury was unable to reach a unanimous verdict on the other counts. Defendant was retried and was jury convicted of assault and battery, felon in possession of a firearm, domestic violence, and witness intimidation. He filed a claim of appeal from those convictions in Docket No. 344437 on June 25, 2018.

Ricardo had authority to deny defendant's use. In *Spectrum Health Hosps v Farm Bureau Mut Life Ins*, 492 Mich 503, 509-510; 821 NW2d 117 (2012), the Supreme Court interpreted the UDAA statute as its violation triggered an exception to the no-fault act. The Court determined that a vehicle owner may deny an individual's use of the vehicle even when the owner has otherwise given an intermediate user full authority to use and loan out that vehicle.

Defendant further asserts that permission was revoked only *after* he took the car and that this was insufficient to support his conviction for UDAA as provided in *People v Hayward*, 127 Mich App 50, 63; 338 NW2d 549 (1983) ("[T]he UDAA (joyriding) statute does not apply to one who takes an automobile with the owner's consent but uses it in excess of the permission granted to him."). As evidence of this point, defendant notes that Brown and Ricardo delayed in contacting the police. Defendant theorizes that this delay shows that "Ricardo's attitude changed and he ultimately became firm in his desire to have the car returned." Although this evidence was certainly probative, see *People v Sabin (After Remand)*, 463 Mich 43, 72; 614 NW2d 888 (2000) (explaining that a delay in reporting an assault may be evidence that the assault did not occur), it was not dispositive. Moreover, both Brown and Ricardo testified that they revoked their permission *before* defendant drove away. The jury accepted this testimony as true and we may not interfere with that judgment.

We affirm.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Anica Letica