NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0240n.06

No. 18-1140

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 06, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DELBERT RELIFORD | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |

**BEFORE: SILER, SUTTON, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge**. Petitioner-Appellant Delbert Reliford appeals the

denial of his 28 U.S.C. § 2255 motion to vacate his sentence on the basis that he was improperly

sentenced as a career offender under the Armed Career Criminal Act (ACCA). Because the

challenged predicate offense necessarily involved "the use, attempted use, or threatened use of

physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), we AFFIRM.

**I. BACKGROUND**

On August 25, 2010, law-enforcement officers discovered a Ruger .357 caliber revolver

and two grams of cocaine base in Delbert Reliford's residence during the execution of a search

warrant. Reliford was charged in a three-count superseding indictment and pleaded guilty to being

a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Reliford

had three prior Michigan convictions: (1) a 1991 conviction for armed robbery; (2) a 1998

conviction for felony controlled-substance possession; and (3) a 1998 conviction for felony assault with a dangerous weapon.

The district court calculated a sentencing guideline range of 180 to 188 months. The government moved for a downward departure from Reliford's advisory guideline range based on his substantial assistance and recommended a sentence of 144 months, below the 180-month statutory minimum under the ACCA. The district court granted the government's motion and sentenced Reliford to 144 months of incarceration.

Reliford filed a timely motion to vacate his sentence under 28 U.S.C. § 2255.[1] Reliford challenged the district court's use of his felonious assault[2] and armed robbery convictions as predicate offenses for his ACCA sentence, asserting that neither crime qualified as a "violent felony" under *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*). The district court denied Reliford's motion, finding that the "inherent use of a dangerous weapon during an armed robbery makes the crime a 'violent felony.'" (Op. and Order, R. 65, PID 283.) According to the district court, "[a] defendant's use of, or indicated possession of, a dangerous weapon during a robbery involves at least an implied threat to inflict physical harm, thereby involving 'the use, attempted use, or threatened use of physical force against the person of another.'" (*Id.* at PID 284 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).) The district court issued a certificate of appealability, and Reliford timely appealed.

---

[1] Shortly after sentencing, Reliford filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255 to account for the fifteen months and four days he was in the custody of the U.S. Marshals prior to sentencing. While the § 2255 motion was pending, Reliford filed a notice of appeal of the district court's judgment. The district court denied the § 2255 motion without prejudice as premature on the ground that "a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." (R. 51, PID 224 (quoting *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998).) On March 5, 2012, the Sixth Circuit granted Reliford's motion to voluntarily dismiss his appeal. The instant motion followed.

[2] Reliford withdrew his challenge to his felonious assault conviction after we held in *United States v. Harris*, 853 F.3d 318 (6th Cir. 2017), that Michigan felonious assault constituted a violent felony under the ACCA.

## II.  DISCUSSION

**A.     Standard of Review**

We review de novo a district court's conclusion that an offense constitutes a violent felony.

*United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).

**B.     The Categorical Approach**

Section 922 criminalizes the possession of a firearm by a felon.  18 U.S.C. § 922(g)(1).  If

the felon has three or more previous convictions of a "violent felony" or a "serious drug offense,"

the ACCA mandates a minimum fifteen-year prison term.  *Id*. § 924(e)(1).  The statute defines

"violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id*. § 924(e)(2)(B).  The ACCA thus established three ways in which a criminal offense could

qualify as a violent felony: the offense (1) "has as an element the use, attempted use, or threatened

use of physical force against the person of another" (the elements clause); (2) "is burglary, arson,

or extortion, [or] involves the use of explosives" (the enumerated-offenses clause); or (3)

"otherwise involves conduct that presents a serious potential risk of physical injury to another"

(the residual clause).  *Id*.  Robbery is not one of the enumerated offenses in § 924(e)(2)(B)(ii), and

the Supreme Court declared the residual clause unconstitutionally vague in *Johnson v. United

States*, 135 S. Ct. 2551, 2563 (2015).  Thus, Reliford's Michigan armed robbery conviction can

only qualify as a violent felony if it satisfies the elements clause.

To determine whether an offense is a violent felony for purposes of § 924(e)(2)(B)(i), we

apply a categorical approach, "look[ing] only to the fact of conviction and the statutory definition

of the prior offense and not the particular facts underlying that conviction."[3] *Mitchell*, 743 F.3d at 1058 (citation omitted). "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017) (citation omitted). "Physical force" for purposes of the elements clause does not include the "slightest offensive touching" that might sustain a misdemeanor battery conviction under some state laws. *See Johnson I*, 559 U.S. at 139. Rather, "physical force" for ACCA purposes means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id*. at 140. The Supreme Court recently clarified that the ACCA "encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019).

An offense is a violent felony only if the least of the acts criminalized by the statute would qualify as a violent felony. *See United States v. Southers*, 866 F.3d 364, 367 (6th Cir. 2017). However, this analysis "is not an invitation to apply legal imagination to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id*. (internal quotation marks omitted) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

---

[3] When a statute of conviction "comprises multiple, alternative versions of the crime" with "alternative elements," the statute is considered "divisible," and the court takes a "modified categorical approach." *Descamps v. United States*, 570 U.S. 254, 261–63 (2013). In this case, the statute of conviction is not divisible; Michigan state courts have made clear that the statute provides for one offense with three elements. *See, e.g.*, *People v. Hendricks*, 503 N.W.2d 689, 691 (Mich. Ct. App. 1993); *see also United States v. Tibbs*, 685 F. App'x 456, 461 (6th Cir. 2017). The parties do not dispute that Michigan armed robbery is not divisible, and that this court should apply the categorical approach.

## B.      Michigan Armed Robbery

At the time of Reliford's conviction, Michigan's armed robbery statute provided in relevant part:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony . . ."

Mich. Comp. Laws § 750.529 (1990) (amended by P.A. 2004, No. 128 (effective July 1, 2004)).[4] Restated as elements, Michigan armed robbery is "(1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *People v. Carines*, 597 N.W.2d 130, 135 (Mich. 1999) (citation omitted).

Reliford argues that armed robbery is not a violent felony because the least-violent way of committing an assault—mere touching—does not meet the Supreme Court's definition of "violent force." In Michigan, "a simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Jones*, 504 N.W.2d 158, 160 (Mich. 1993) (quotation omitted). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Reeves*, 580 N.W.2d 433, 435 n.4 (Mich. 1998) (citation omitted). Because a battery may consist merely of an offensive touching,

---

[4] Michigan amended the armed robbery statute in 2004. The current version of the statute provides:

> A person who engages in conduct proscribed under section 530 and who in the course of engaging in that conduct, *possesses* a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while violating this section, the person shall be sentenced to a minimum term of imprisonment of not less than 2 years.

Mich. Comp. Laws § 750.529 (emphasis added). The cross-reference is to the unarmed robbery statute. *Id.* § 750.530.

battery does not require violent force capable of causing pain or injury. *See, e.g.*, *People v. Terry*, 553 N.W.2d 23, 25 (Mich. Ct. App. 1996) (per curiam) (holding that "spitting upon a person is a battery"). Since *Johnson I*, a number of courts, including this one, have concluded that state crimes encompassing mere offensive touching do not include as an element the "violent force" required under *Johnson I*. *See United States v. Mendez*, 593 F. App'x 441, 443 (6th Cir. 2014) (Indiana felony battery) ("Force that would result in mere offensive touching is not 'violent force.'"); *see also United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) (Massachusetts armed robbery not a violent felony); *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016) (Arkansas robbery not a violent felony); *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) (North Carolina common-law robbery not a violent felony).

Reliford further argues that the plain terms of the armed robbery statute did not require the "use" of a dangerous weapon during the commission of the armed robbery. Rather, a defendant needed only to be "armed" with a dangerous weapon. Mich. Comp. Laws § 750.529. Reliford asserts that because the government could prove the "armed" element with evidence showing only "that a dangerous weapon was possessed, whether or not the weapon was actually seen by the victim," *People v. Hayden*, 348 N.W.2d 672, 683 (Mich. Ct. App. 1984) (citation omitted), a person could commit armed robbery by threatening or committing an offensive touching while merely possessing a dangerous weapon. Although citing no case in which an armed robbery conviction was sustained under the statute where the defendant merely possessed a weapon without displaying or referring to it, Reliford relies on language in Michigan cases suggesting that "mere possession" is sufficient because it "escalates the risk of violence and the degree of danger to the victim, even if the weapon is not seen by the victim." *Id*. "If the weapon is possessed by the defendant, the possibility that it will be used exists and this is a sufficient basis to define the offense

as an armed robbery." *Id*. Although Michigan law does not provide a clear answer on this issue, we note that some Michigan courts have interpreted "armed" in the context of other criminal statutes to include mere possession. *See, e.g.*, *People v. Young*, No. 316129, 2014 WL 5690490 at *3 (Mich. Ct. App. Nov. 4, 2014) (unpublished) (regarding first-degree home invasion, "we decline to construe 'armed' as requiring something more than mere possession" because "[t]he risk of danger to victims and perpetrators greatly increases when the perpetrator possesses a dangerous weapon").

We need not decide whether the armed robbery statute at issue required the actual or threatened use of a dangerous weapon, however, because this court recently held that the assault element necessarily involved the use, attempted use, or threatened use of physical force. In *Chaney v. United States*, this court explained that, although Michigan assault may criminalize the threat of mere offensive touching, the assault element of unarmed robbery requires more than that. 917 F.3d 895, 900–04 (6th Cir. 2019). This is because unlike a conviction for plain assault or battery, in which "the offensive or embarrassing touching is itself the crime," in an unarmed robbery, "that same harmless touch would somehow have to deprive the victim of property." *Id*. at 902. The *Chaney* court continued: "One can imagine a robbery involving an offensive or embarrassing touch coupled with a threat—implicit or otherwise—of harm for noncompliance. But it strains the imagination to think someone could steal property through an offensive or embarrassing touch alone." *Id*.

There are distinctions between the statute in *Chaney* and the statute relevant here, but they do not benefit the petitioner. The armed robbery statute under which Reliford was convicted contains an assault element, Mich. Comp. Laws § 750.529 (1990) ("Any person who shall assault another, and shall feloniously rob . . ."), while the statute in *Chaney* criminalized theft committed

"by force and violence, or by assault, or putting in fear," *Id*. at 900 (quoting Mich. Comp. Laws § 750.530 (1981)). But the *Chaney* court plainly stated that "[e]ach of these alternatives meets the requirements of the elements clause." *Id*. Indeed, in order to be a violent felony, all the alternate methods of committing the crime had to satisfy the elements clause. If an unarmed robbery committed by assault satisfies the ACCA's elements clause, an armed robbery committed by assault must as well. *See People v. Chamblis*, 236 N.W.2d 473 (Mich. 1975), *overruled on other grounds by People v. Cornell*, 646 N.W.2d 127 (Mich. 2002) (unarmed robbery is just "armed robbery [a]bsent the element of use of a weapon").

Additionally, while the unarmed robbery statute makes it criminal to feloniously take a person's property "*by* force and violence," or "*by* assault or putting in fear." Mich. Comp. Laws § 750.530 (1981) (emphasis added), the armed robbery statute does not expressly require that the taking be accomplished by means of the assault, only that the defendant commit both an assault and a felonious taking while armed with a dangerous weapon. However, this is a distinction without a difference. Reliford cites no Michigan cases holding or implying that the assault element of Michigan armed robbery is different from the assault element of Michigan unarmed robbery. *See People v. Reese*, 647 N.W.2d 498, 501 (Mich. 2002) ("The element distinguishing unarmed robbery from the offense of armed robbery is the use of a weapon or an article used as a weapon.").

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.