*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TIMOTHY ERIK SCHULTZ

TIMOTHY ERIK SCHULTZ,

         Petitioner-Appellant.

FOR PUBLICATION
November 24, 2020
9:00 a.m.

No. 350292
Wayne Circuit Court
LC No. 19-007492-PZ

Before: GLEICHER, P.J., and K. F. KELLY and SHAPIRO, JJ.

SHAPIRO, J.

Petitioner Timothy Erik Schultz appeals the circuit court's order granting, in part, his petition for restoration of firearm rights. We vacate the part of the circuit court's order placing restrictions on petitioner's Michigan firearm rights.

## I. BACKGROUND

Petitioner filed a petition in circuit court seeking restoration of his firearm rights under MCL 28.424. He stated that he had been convicted of unlawfully driving away an automobile (UDAA), MCL 750.413, in January 2000 and sentenced to a term of probation. He attached to the petition documentary evidence showing that he had discharged all obligations regarding that conviction. The circuit court found by clear and convincing evidence that petitioner satisfied all the requirements of MCL 28.424. However, the court determined that its authority to restore petitioner's firearm rights was limited by the federal felon in possession of a firearm (felon-in-possession) statute, 18 USC 922(g). The court stated that it could not fully restore petitioner's firearm rights when he would still be exposed to federal criminal liability for possessing a firearm. Therefore, the court reasoned, the restoration of petitioner's firearm rights was limited to arms that were excluded from the definition of firearm used in the federal felon-in-possession statute. The court entered an order granting petitioner's request for restoration of rights but limited his right of possession to pellet guns, muzzle loaders, and black powder guns that do not take a modern cartridge. This appeal followed.

## II. ANALYSIS

Petitioner argues that the circuit court erred when it limited restoration of his firearm rights. He contends that MCL 750.224f and MCL 28.424 provide for complete relief from criminal liability under Michigan's felon-in-possession statute, regardless of potential liability under the federal statute. We agree.[1]

Michigan's felon-in-possession statute, MCL 750.224f, provides that unless certain conditions exist "a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state . . . ." The length of that prohibition depends on whether the person committed a "specified felony." If the person committed a non-specified felony, the prohibition expires "3 years after all of the following circumstances exist": (a) the person has paid all fines imposed for the violation; (b) the person has served all terms of imprisonment imposed for the violation; and (c) the person has successfully completed all conditions of probation or parole imposed for the violation. MCL 750.224f(1). If the person was convicted of a specified felony, the prohibition against possessing firearms lasts for five years after the person discharges all obligations related to the conviction and, in addition, the person's "right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute ammunition" must be restored by the circuit court pursuant to MCL 28.424. See MCL 750.224f(2)(a)-(b).

To begin, petitioner was not convicted of a specified felony and so his right to possess a firearm under Michigan law was restored by operation of law three years after he paid his fines and completed the terms of his probation. A specified felony for purposes of MCL 750.224f "means a felony in which 1 or more of the following circumstances exist":

> (a) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

> (b) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.

> (c) An element of that felony is the unlawful possession or distribution of a firearm.

> (d) An element of that felony is the unlawful use of an explosive.

> (e) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson. [MCL 750.224f(10).]

---

[1] "Statutory interpretation and the issue of federal preemption are both questions of law reviewed de novo on appeal." *Nelson v Assoc Fin Servs Co of Indiana, Inc*, 253 Mich App 580, 587; 659 NW2d 635 (2002).

UDAA is a property offense that does not involve use of physical force, a substantial risk of the use of physical force, possession of a firearm, or the use of an explosive. See *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1993). Nor does UDAA involve possession of controlled substances or a trespass against an occupied dwelling. Thus, UDAA is not a specified felony under MCL 750.224(f)(10), and a person convicted of that offense may, under Michigan law, possess firearms three years after all obligations relating to the conviction are discharged. MCL 750.224(f)(1). So, at the time the petition was filed, petitioner could possess firearms under state law without court authorization under MCL 28.424.

Nonetheless, in an apparent abundance of caution, petitioner sought court authorization under that statute, which provides in pertinent part:

(4) The circuit court shall, by written order, restore the rights of an individual to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm or to possess, use, transport, sell, carry, ship, or distribute ammunition if the circuit court determines, by clear and convincing evidence, that all of the following circumstances exist:

(a) The individual properly submitted a petition for restoration of those rights as provided under this section.

(b) The expiration of 5 years after all of the following circumstances:

(*i*) The individual has paid all fines imposed for the violation resulting in the prohibition.

(*ii*) The individual has served all terms of imprisonment imposed for the violation resulting in the prohibition.

(*iii*) The individual has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition.

(c) The individual's record and reputation are such that the individual is not likely to act in a manner dangerous to the safety of other individuals. [MCL 28.424.]

Despite finding that petitioner established MCL 28.424(4)'s requirements by clear and convincing evidence, the circuit court determined that its authority to restore petitioner's firearm rights under Michigan law was limited by the federal felon-in-possession statute. In pertinent part, 18 USC 922(g) prohibits a person convicted of "a crime punishable by imprisonment for a term exceeding one year," from "possess[ing] in or affecting commerce, any firearm or ammunition . . . ."

Petitioner does not dispute that, even if his Michigan firearm rights have been restored, he could still be convicted of felon-in-possession under 18 USC 922(g). But although MCL 750.224f and MCL 28.424 make no reference to federal law or the federal definition of "firearm," the circuit court reasoned that it could not grant petitioner a full restoration of rights "[b]ecause whatever I want to do is irrelevant," i.e., even if the court restored petitioner's firearm rights "that sets him

-3-

up, if he gets pulled over, he's going to be charged [f]ederally." It is unclear from the circuit court's ruling if (a) the court thought it would be unwise to fully restore petitioner's firearm rights given that the federal prohibition would still be in effect, or (b) the court determined that its authority to restore petitioner's Michigan firearm rights was limited or preempted by federal law. If the former, the circuit court's concerns were irrelevant because MCL 28.424(4) requires the court to restore the petitioner's firearm rights if it finds by clear and convincing evidence that the statute's requirements were met, as was the case here. If, on the other hand, the court determined that MCL 28.424 and MCL 750.224f were preempted by 18 USC 922(g), it was error.

"Under the Supremacy Clause of the United States Constitution, US Const, art VI, cl 2, federal law preempts state law where Congress so intends." *Konynenbelt v Flagstar Bank*, 242 Mich App 21, 25; 617 NW2d 706 (2000). "[F]ederal law preempts state law in three circumstances: (1) where Congress has expressed an intent to preempt state law, (2) where state law regulates conduct in a field that Congress intended to occupy exclusively, and (3) where state law actually conflicts with federal law." *Wayne Co Bd of Comm'rs v Wayne Co Airport Authority*, 253 Mich App 144, 197-198; 658 NW2d 804 (2002). " 'In all pre-emption cases, and particularly in those in which Congress has legislated . . . in a field which the States have traditionally occupied, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " *Ter Beek v Wyoming*, 495 Mich 1, 10; 846 NW2d 531 (2014), quoting *Wyeth v Levine*, 555 US 555, 565; 129 S Ct 1187; 173 L Ed 2d 51 (2009).

The federal felon-in-possession statute, 18 USC 922(g), is part of the Gun Control Act (GCA), 18 USC 921 *et seq*. Relevant to preemption, the GCA provides:

> No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together. [18 USC 927.]

Therefore, the question before us is whether restoration of firearm rights to felons under Michigan law is in "direct and positive conflict" with 18 USC 922(g).

A similar issue was raised in *Ter Beek*, 495 Mich 1. In that case, the Supreme Court held that § 4(a) of the Michigan Medical Marihuana Act (MMMA), MCL 333.26424(a), was not preempted by the federal Controlled Substances Act (CSA), 21 USC 801 *et seq*., which prohibits the use of marijuana. *Id*. at 10-19. The Court concluded that § 4(a), which provides immunity from arrest and prosecution for lawful medical marijuana activities, did not interfere with the enforcement or purposes of the CSA. *Id*. at 13-19. The Court explained:

> Section 4(a) simply provides that, under state law, certain individuals may engage in certain medical marijuana use without risk of penalty. . . . [W]hile such use is prohibited under federal law, § 4(a) does not deny the federal government the ability to enforce that prohibition, nor does it purport to require, authorize, or excuse its violation. [*Id*. at 17.]

Likewise, in this case, the Michigan statutes that provide for restoration of a felon's firearm rights do not interfere with the federal government's ability to enforce 18 USC 922(g) or require, authorize, or excuse its violation. Accordingly, there is no direct and positive conflict between the Michigan statutes and 18 USC 922(g). Moreover, 18 USC 921(a)(20) recognizes the authority of states to restore a felon's firearm rights for purposes of state law and further provides that a state restoration will, in certain cases,[2] bar the prior conviction from being used as a predicate offense under 18 USC 922(g):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. [18 USC 921(a)(20).]

Regardless of whether a state's post-felony restoration of rights satisfies the exception provided by 18 USC 921(a)(20), Congress clearly contemplated that states have that authority, notwithstanding the federal liability a felon may face under 18 USC 922(g). Preemption does not arise merely because federal and state law do not "perfectly align." See *Moran v Wisconsin Dep't of Justice*, 388 Wis 2d 193; 2019 WI App 38; 932 NW2d 193, 208-213 (2019) (holding that Wisconsin's law requiring a pardon for removal of a felon's firearm disabilities was not preempted by 18 USC 921(a)(20)).[3]

In sum, the circuit court lacked the authority to limit restoration of petitioner's firearm rights despite its concern that he would potentially face federal criminal liability if he exercised his Michigan rights. The restoration of firearm rights to felons under Michigan law is not preempted by the federal felon-in-possession statute.

---

[2] Defendant does not claim that the restoration of his state firearm rights would prevent his prior felony from serving as a federal predicate offense and we make no conclusions in that regard. We note that one federal court has held that a prior Michigan felony continues to qualify as a federal predicate offense even after restoration of rights under Michigan law because MCL 28.425b(7)(f) (precluding felons from carrying concealed firearms) triggers the "unless" clause in 18 USC 921(a)(20). *United States v Kenny*, 375 F Supp 2d 622, 625 (ED Mich, 2005); *United States v Brown*, 69 F Supp 2d 925, 944 (ED Mich, 1999).

[3] "Although not binding, authority from other jurisdictions may be considered for its persuasive value." *Estate of Voutsara by Gaydos v Bender*, 326 Mich App 667, 676; 929 NW2d 809 (2019).

We vacate the part of the circuit court's order limiting the restoration of petitioner's firearm rights to pellet guns, muzzle loaders, and black powder guns that do not take a modern cartridge. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly